*ORIGINAL*

*Exhibit 1*

MC-275

Name ANTONIO LUIS WILLIAMS

Address CALIFORNIA CORRECTIONAL INSTITUTION

P.O BOX 1906-7-A-107

TEHACHAPI, CA 93581

CDC or ID Number CDC # F43660

SUPREME COURT
**FILED**

JUL 1 8 2006

**Frederick K. Ohirich Clerk**

_____
DEPUTY

RECEIVED

JUL 17 2006

CLERK SUPREME COURT

Supreme Court of
California
(Court)

| | |
|---|---|
| ANTONIO LUIS WILLIAMS<br>Petitioner | **PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | No. **S145111** |
| W.J. SULLIVAN "WARDEN"<br>Respondent | *(To be supplied by the Clerk of the Court)* |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

**This petition concerns:**

☒ A conviction       ☐ Parole

☐ A sentence       ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☐ Other (specify): _____

1. Your name: ANTONIO WILLIAMS

2. Where are you incarcerated? CALIF CORRECTIONAL INSTITUTION

3. Why are you in custody? ☒ Criminal Conviction    ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

Robbery 2nd

b. Penal or other code sections: 211, 3STRIKES

c. Name and location of sentencing or committing court: ALAMEDA COUNTY OAKLAND SUPERIOR COURT 1225 FALLON ST. OAKLAND, CALIF 94612

d. Case number: 130594

e. Date convicted or committed: SEPT 15, 98

f. Date sentenced: APR 26, 99

g. Length of sentence: 35 yrs LiFe

h. When do you expect to be released? _____

i. Were you represented by counsel in the trial court? ☐ Yes. ☒ No. If yes, state the attorney's name and address:

SELF REPRESENTATION TRIAL

4. What was the LAST plea you entered? *(check one)*

☒ Not guilty   ☐ Guilty   ☐ Nolo Contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☒ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

6. **GROUNDS FOR RELIEF**

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)* "*NEW EVIDENCE CLAIM*"

PROSECUTORIAL MISCONDUCT "by" WITHHELD EVIDENCE OF PHOTOGRAPHIC LINEUP DISPLAY'S FAVORABLE TO PETITIONER CAUSING SUPPRESSION OF AND DENIED PETITIONER A RIGHT TO FAIR TRIAL AN A REVERSIBLE ERROR.

a. **Supporting facts:**

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where).* *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

ON JUNE 17, 97 PETITIONER ATTENDED A PAROLE REVOCATION HEARING FOR THIS 2nd DEGREE ROBBER, CHARGED THEREIN LEAD INVESTIGATOR O.P.D SGT. E. JUAREZ TESTIFIED UNDER OATH "WE DID A PHOTO LINEUP" THIS WAS FIRST REVEALING INFO A UNDOCUMENTED PHOTO LINEUP EXISTED IN THIS CASE SEE EXB G TRANSCRIBED TRANSCRIPTION OF PAROLE REVOCATION HEARING P95 "ON APR 8, 97 PETITIONER ATTENDED A PHYSICAL LINEUP HELD AT OAKLAND POLICE DEPT FOR SAID CHARGES AND DENIED RIGHT TO COUNSEL WITNESS PHYSICAL LINE-UP SEE EXB H. PETITIONER STATES O.P.D LEAD INVESTIGATOR SGT. EDWARD JUAREZ AND OR →ᶜᵒⁿᵀ

b. **Supporting cases, rules, or other authority (optional):**
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)* A BRADY VIOLATION

See → BRADY AND RUTHFORD. (ID, AT P. 187, FN. 11.)

1. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2. MITCHELL v. SUPERIOR COURT OF SAN FRANCISCO (1958) 50 CAL 2d 827, 330 P2d 48.) 3. UNITED STATES STATES SUPREME COURT IN GILES v. MARYLAND SEE CONTINUATION PJS "2" OF

CONTINUATION PG 3 OF 6    (A) SUPPORTING FACTS

ANOTHER O.P.D EMPLOYEE PRESENTED A UNDOCUMENTED PHOTOGRAPHIC LINE UP TO WITNESSESS LINA PATATO, AKIMA MENDOZA, GUSTAVO CONTREAS EMPLOYEES OF THE MISSION NATIONAL BANK BEFORE THE PHYSICAL LINE UP SETTING ME UP TO BE IDENTIFIED AS THE ASSAILANT. "ON JUNE 30, 97 THE SOLE AND ONLY WITNESS CALLED TESTIFIED AT THE PRELIMINARY HEARING GUSTAVO CONTREAS STATED "SWORN" HE WASN'T SHOWN A PHOTO LINEUP SEE EXH I,    "ON MAY 31, 98   A MOTION TO DISMISS HEARING WAS HELD FOR THE UN DOCUMENTED PHOTO LINE UP SHOWN TO WITNESSES BEFORE PHYSICAL LINE UP AT ALAMEDA COUNTY OAKLAND SUPERIOR COURT BEFORE PRETRIAL JUDGE V. NAKAHARA MOTION TO DISMISS WAS WRITTEN BY PUBLIC DEFENDER MICHAEL McCORMICK SEE EXH J, A AS WAS DENIED AFTER D.A BALDWIN FAILED TO DISCLOSE PHOTO LINEUP "DISPLAYS" FOR HEARING. FAVETTA AND PROCEDED PRO-SE AND ON AUG 11, 98 "IN JULY 98 PETITIONER WAS GRANTED PETITIONERS APPOINTED PRIVATE INVESTIGATOR BRUCE BUTLER DELIVERED A MOTION FOR DISCOVERY REQUESTING PHOTOGRAPHIC LINEUP DISPLAY'S TO DISTRICT ATTORNEY OFFICE SEE EXH K    TRIAL WAS SET TO START AS DID AUG 27, 98    DEP D.A DANIEL BUNKE TRIAL

CONTINUATION PG 3 OF 6 (A.) SUPPORTING FACTS:

"ON OCT 26, 98 PETITIONER SUBMITTED FILED A MOTION TO OBJECT TO CERTAIN STAGES OF TRIAL AND OBJECTED TO FALSE TESTIMONY OF SGT JUAREZ OF STATING HE MADE A MISTAKE WHEN TESTIFIED WE DID A PHOTO. LINEUP" IN PAROLE REVOCATION HEARING SEE EXH P NO. 15 THEREIN. BY THE PROSECUTOR WITHHOLDING EVIDENCE OF UNDOCUMENTED PHOTOGRAPHIC LINEUP DISPLAYS INTENTIONAL SUPPRESSION OF DENIED ME RIGHT TO BE EXONERATED AND OR FAIR TRIAL, AND REQUIRES REVERSAL OF CONVICTION.

CONTINUATION pg 3 OF 6 (B.) SUPPORTING CASES:

(1967) 386 US 66, 98, 17 L Ed 2d 737, 87 SCt 793:

4. THE ABA CODE OF PROFESSIONAL Responsibility, DR 7-103 (B) Also Recognizes THE DUTY OF THE PROSECUTION TO DISCLOSE Evidence AND THIS Responsibilty has been echoed in Re Ferguson (1971) 5 CAL 3d 525, 531, 96 CAL RPTR 594, 487 P2d 1234:

5. ALSO SEE SUPERIOR COURT (1991) 54 CAL 3d 356, 375, 285 CAL RPTR 231, 815 P2d 304:

6. ALSO See (Brady v MARYLAND (1963) 373 US 83 SCt 1194.)   UNITED STATES v AGURS (1976) 427 US 97, 49 L Ed 2d 342, 96 SCt 2392.)

7. (People v HAYES (1992, 1ST Dist) 3 CAL APP 4th 1238, 1244, 5 CAL RPTR 2d 105; PENAL Code § 1054(e).)

8. (UNITED STATES EX Rel. Meers v WILKINS v (1964, CA2 NY) 326 F2d 135); Evidence THAT undermines THE credibilty OR PROBATIVE VALUE OF PROSECUTION evidence (UNITED STATES v STIFFLER (1988, CA9 AriZ) 851 F2d 1197; DAVIS v ALASKA (1974) 415 US 308, 39 L Ed 2d 347, 94 SCt 1105):

9. ANY AND ALL EVIDENCE FAVORABLE TO THE TO ACCUSED: Brady v MARYLAND, 373 U.S 83; P.V RuthFord, 14 C.3d 399; Ferguson, 5 C.3d 525, Joe v SUPERIOR CT, 3 C.3d 797)

10. Evidence Tending TO AFFECT credibilty OF Evidence used by PROSECUTION THOMAS v U.S, (65) 343 F.2d 49 (9th Cir)

FRONT/BACK
COPY

CONTINUATION pg 3 of 6 (B.) Supporting cases:

11. PROSECUTION HAS OBLIGATION NOT TO LET FALSE EVIDENCE go UNCORRECTED AT TRIAL EVEN IF PROSECUTION didn't solicit it: (NAPUE v. ILLINOIS, (59) 350 U.S. 264)

12. Evidence which has bearing on an Identification Testimony: (MOORE v ILLINOIS, 408 U.S. 786)

13. CROSS REFERENCES:
SUPPRESSION OF EVIDENCE by PROSECUTOR, see § 450
TEXT REFERENCES:
CAL JUR 3d (REV) CRIMINAL LAW § 2075
5 WITKIN + EPSTEIN, CALIF CRIMINAL LAW (2d ed) § 2661
WITKIN EVIDENCE 3d § 658
ANNOTATION REFERENCES:
WITHHOLDING OR SUPPRESSION OF EVIDENCE by PROSECUTION IN CRIMINAL CASE AS VITIATING CON-VICTION. 34 ALR 3d 16.
PERIODICAL REFERENCES:
SUPPRESSION: THE PROSECUTIONS FAILURE TO DISCLOSE EVIDENCE FAVORABLE TO THE DEFENSE. 7 USF LR 348
AW

14. ALSO SEE IN RE (1992) 3 CAL 4TH 578, 11 CAL RPTR 2d 531, 835 P2d 371

15. ALL PHOTOGRAPHS SHOWN TO PROSECUTION WITNESSES AND OTHER PERSONS DURING THE INVESTIGATION OF THE CASE WHICH WERE USED IN AN ATTEMPT TO SECURE OUT-OF-COURT IDENTIFICATION OF DEFENDANT (SIMMONS V U.S. (68) 390 U.S. 377; U.S. V BARBER (69) 296 F. SUPP. 795; U.S. V WADE 388 U.S. 218 (67)

16. UNDER THE ESTABLISHED RULE OF BRADY v. MARYLAND, 373 U.S. 83 (1963), THE PROSECUTION'S FAILURE TO DISCLOSE MATERIAL EVIDENCE FAVORABLE TO THE DEFENDANT INVALIDATES THE VERDICT AND SENTENCE SEE KYLES v. WHITLEY, 131 L.Ed 2d 490, 63 U.S.L.W. 4303 (APR 19, 1995). UNDER THE RELATED but DISTINCT LEGAL RULE OF ALCORTA v. TEXAS, 355 U.S. 28 (1957) AND MOONEY v. HOLOHAN, 294 U.S. 103 (1935) - THE ALCORTA DOCTRINE WHERE THE PROSECUTION HAS KNOWINGLY PRESENTED A FALSE PICTURE OF EVIDENCE TO COURT AND JURY, A NEW TRIAL MUST BE GRANTED. PETITIONER HAS BEEN DENIED FUNDAMENTAL DUE PROCESS OF LAW UNDER BOTH THE BRADY AND THE ALCORTA DOCTRINES. NOT ONLY DID THE PROSECUTION KNOWINGLY SUPPRESS AND CON-CEAL CRUCIAL EXCULPATORY EVIDENCE VIOLATING BRADY, but THE PROSECUTION ALSO PRESENTED EVIDENCE WHICH, IN LIGHT OF THE CONCEALED EVIDENCE, THE PROSECUTION KNOWN WAS FALSE. THE JUDGEMENT MUST BE VACATED AND PETITIONER GRANTED A *NEW TRIAL* "THE SUPPRESSED EVIDENCE WAS MATERIAL FOR REASONS: IT WOULD'VE ENABLED PETITIONER TO HAVE HAD THE CASE DISMISSED AND OR DROPPED, ACQUITTED AND OR EXONERATED AT TRIAL AND THE COURT MUST CONSIDER SUCH USE IN ASSESSING A BRADY VIOLATION SEE BOWEN v. MAYNARD, 799 F.2d 593, 613 (10TH CIR. 1986) 7."PC§ 1054.7 (c) PROVIDES FOR DISCLOSURE TO DEFENSE OF ALL REAL EVIDENCE OBTAIN AS PART OF INVESTIGATION OF THE OFFENSES CHARGED.

7. Ground 2 or Ground _____ (if app. le): NEW EVIDENCE CLAIM: 2
PROSECUTORIAL MISCONDUCT "by" THE TRIAL JUDGE
ABUSED DESCRETION OF REFUSING, NOT USING
PETITIONER'S ENDORSED FILED JUROR INSTRUCTIONS OF
HIS RIGHT TO COUNSEL AT A PHYSICALLINEUP DENIED PETITION
ER A FAIR TRIAL AN A REVERSIBLE error.

a. Supporting facts:

"ON Sep 14,98 OFF THE Record AND ON
TRIAL Judge JAMES RICHMAN TOLD PETITION
ER HE WASN'T USING HIS PROPOSED JURY IN-
STRUCTIONS which WAS ENDORSED FILED Aug
31,98 by THE CLERK which were relevANT per-
TINENT TO MY Right TO COUNSEL AT THE APR
8,97 Physical LineUP AND NOT INSTRUCT JURORS by so did
beyond A REASONABLE Doubt of ELEMENT of
crime See Exh Q TRANSCRIPT pgs  1489-1494  ALSO
Further INSUPPORT PETITIONERS PRIVATE
INVESTIGATOR APPOINTED by THE COURT WAS
INCOURT PRESENT AND gave A AFFADAVIT
AS A WITNESS THE Judge did NOT USE MY
JUROR INSTRUCTIONS USING ONLY PROSECUT-
IONS giving JURORS ONLY INSTRUCTIONS
TO FIND me guilty INSUPPORT See Exh S A
Sep 14,98 AFFADAVIT FILed APR 26,99 ATTAched
of PETITIONERS AND PROSECUTIONS PROPOSED
→  See CONTINUATION pg1

b. Supporting cases, rules, or other authority:  "CRIMINAL LAW"
PEOPLE V PALMER 1 1984, 4TH
DIST 154 CAL App 3d 79, 199 CAL RPTR 868.

JUROR INSTRUCTIONS AS EVIDENCE, PETITIONER DID OBJECT TO TRIAL JUDGE RICHMAN ABUSE OF DISCRETION OF NOT USING HIS PROPOSED JUROR INSTRUCTIONS IN HIS MOTION TO OBJECT TO CERTAIN STAGES OF CRIMINAL TRIAL FILED OCT 20, 98   GO BACK   SEE EXH P   NO. 4 THEREIN

"PETITIONERS JURY INSTRUCTIONS WERE PREVALENT TO HIS RIGHT TO ATTORNEY AT PHYSICALLINEUPHELD APR 8,97 DENIED BY OFFICERS AS A UNDOCUMENTED PHOTOLINEUP WAS DISCOVERED PROCEEDED PHYSICALLINEUP AND IDENTIFICATION WAS KEY   SEE EXH R   6-27-97 DOCKETSHEET, JULY 7,98 SUPPLEMENTAL MOTION FOR PRETRIAL DISCOVERY, APR 9,97 O.P.D ADDITIONAL INFO REPORT, MAR 4,98 INTERVIEW STATEMENT OF WITNESS AND PART-ICIPANT OF PHYSICAL LINEUP." BY THE TRIAL JUDGE ABUSED DISCRETION BY NOT USING MY JUROR INSTRUCTIONS AND ONLY PROSECUTIONS THE JURORS BY SO ONESIDEDLY OF PROCEEDINGS WERE FORCED TO ONLY FIND ME GUILTY AND BY SO DENIED ME RIGHT TO A FAIR TRIAL. BY THE TRIAL JUDGE INFORMING JURORS TO CONSIDER THE CIRCUMSTANCE OF IDENTIFICATION IN THE CASE AND NOT USING PROPOSED BE-YOND REASONABLE DOUBT JURY INSTRUCTIONS SEE TRANSCRIPT  1627   MARKED EXH T BY SO DENIED PETITIONER A RIGHT TO A FAIR TRIAL AND REQUIRES A REVERSAL OF CONVICTION.

8. Did you appeal from the conviction, se___ _e, or commitment?    ☒ Yes.    ☐ No.    If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

     COURT OF APPEAL

   b. Result: DENIED        c. Date of decision: MAR 7, 01

   d. Case number or citation of opinion, if known: CASE NO. A087060

   e. Issues raised: (1) THE TRIAL COURT'S FAILURE TO REVOKE APPELLANTS "pROSE" REpRESENTA...
     VIOLATED 6TH AMENDMENT RIGHTS OF A FAIR TRIAL

     (2) THE TRIAL COURT'S DENIAL OF APPELLANT'S "MARSDEN" MOTIONS RESULT
     IN A VIOLATION OF 6TH AMENDMENT RIGHT TO COUNSEL

     (3) _____

   f. Were you represented by counsel on appeal?    ☒ Yes.    ☐ No.    If yes, state the attorney's name and address, if known:

     ATTY JAMES F. JOHNSON 2269 CHESTNUT ST. #384 SF CA 94123

9. Did you seek review in the California Supreme Court?    ☒ Yes.    ☐ No.    If yes, give the following information:

   a. Result: DENIED        b. Date of decision: MAY 23, 01

   c. Case number or citation of opinion, if known: CASE NO. S096777

   d. Issues raised: (1) SAME AS ABOVE

     (2) SAME AS ABOVE

     (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

     REFUSED

     _____

11. Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

     N/A

     _____

     _____

     _____

     _____

     _____

     _____

     _____

   b. Did you seek the highest level of administrative review available?    ☒ Yes.    ☐ No.
    *Attach documents that show you have exhausted your administrative remedies.*    SEE EXB 1-A

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: *SUPREME COURT OF THE UNITED STATES*

(2) Nature of proceeding (for example, "habeas corpus petition"): *WRIT OF CERTIORARI*

(3) Issues raised: (a) *ISSUES SAME AS NUMBERS 8, 9.*

(b) _____

*CASE NO. 04-10084*

(4) Result (Attach order or explain why unavailable): *DENIED OCT 3, 05 SEE EXH 1-A*

(5) Date of decision: *TOM ORLOFF DISTRICT ATTY COUNTY OF ALAMEDA*

b. (1) Name of court: *ALAMEDA COUNTY OAKLAND SUPERIOR COURT, ETC*

(2) Nature of proceeding: *CITIZEN'S COMPLAINT "MISCONDUCT"*

(3) Issues raised: (a) *PUBLIC CORRUPTION, PERJURY, OBSTRUCTION OF JUSTICE*

(b) *AIDING ABETTING, CONSPIRACY, WITHHOLDING EVIDENCE*

(4) Result (Attach order or explain why unavailable): *DISTRICT ATTY OFFICE DIDN'T REPLY OR COURT*

(5) Date of decision: *NO REPLY OF "SEE EXH A COMPLAINT," EXH B CITY ATTY RUSSO REPLY, EXH C U.S. DEPT. OF JUSTICE REPLY TO COMPLAINT*

c. For additional prior petitions, applications, or motions, provide the same information on a separate page. → *SEE CONTINUATION*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

*N/A*

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

*WITHHELD EVIDENCE OF DISCOVERY BY D.A. PROSECUTOR AND NEW EVIDENCE BOUGHT BY THIS PETITION*

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

*NEWLY DISCOVERED EVIDENCE*

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: *3-20-06*       ► *Antonio Williams*
                        (SIGNATURE OF PETITIONER)

CONTINUATION pg 6 OF 6

D. 1. U.S DISTRICT COURT
   2. NATURE OF PROCEEDING: 42 U.S.C § 1983
   3. ISSUES RAISED: CONSTITUTION VALIDITY OF CONVICTION
   4. RESULT, ATTACH ORDER:  See Exh D
   5. DATE OF DECISION  Feb 22, 05

E. 1. U.S DISTRICT COURT
   2. NATURE OF PROCEEDING: 42 U.S.C § 1983  CASE NO. C044242
   3. ISSUES RAISED: CONSTITUTION VALIDITY OF CONVICTION
   4. RESULT ATTACH ORDER: See Exh E
   5. DATE OF DECISION: Dec 22, 04

F. 1. ALAMEDA COUNTY OAKLAND SUPERIOR COURT
   2. NATURE OF PROCEEDING: EXPARTE LETTER TO TRIAL JUDGE
   3. ISSUES RAISED: PROSECUTORIAL MISCONDUCT, PERJURY, WITHHELD EVID
   4. RESULT ATTACH ORDER: See Exh F
   5. DATE OF DECISION: Dec 8, 04

G. 1. ALAMEDA COUNTY OAKLAND SUPERIOR COURT
   2. NATURE OF PROCEEDING: PETITION, WRIT OF HABEAS CORPUS
   3. ISSUES RAISED, 1. WITHHELD EVIDENCE FAVORABLE TO PETITIONER, 2. ABUSED DISCRETION OF REFUSAL TO USE PETITIONER JUROR INSTRUCTION, 3. THE PROSECUTORS KNOWN PERJURE & USE, TESTIMONY OF IT'S WITNESSES.
   4. RESULT ATTACH ORDER: See Exh F-1
   5. DATE OF DECISION: Feb 23, 06

CONTINUATION →

CONTINUATION    Pg 6 OF 6

H.  1. COURT OF APPEAL
    2. NATURE OF PROCEEDING: PETITION, WRIT OF HABEAS CORPUS
    3. ISSUES RAISED: 1. WITHHELD EVIDENCE FAVORABLE TO PETITIONER, 2. ABUSED DISCRETION OF REFUSAL TO USE PETITIONER JUROR INSTRUCTION 3. THE PROSECUTORS KNOWN PERJURED USE TESTIMONY OF ITS WITNESSES.
    4. RESULT ATTACH ORDER: See Exh F2
    5. DATE OF DECISION: MAY 5, 06

I.  1. SUPREME COURT OF CALIFORNIA
    2. NATURE OF PROCEEDING: PETITION OF REVIEW ON PETITION OF WRIT OF HABEAS CORPUS CASE NO. S145111
    3. ISSUES RAISED: SAME AS ABOVE
    4. RESULT ATTACH ORDER: See Exh F3, F4
    5. DATED OF DECISION: REJECTED ON MAY 26, 06, JUNE 9, 06

J.  1. SUPREME COURT OF CALIFORNIA
    2. NATURE OF PROCEEDING: PETITION OF WRIT HABEAS CASE NO. S145111
    3. ISSUES RAISED: SAME AS ABOVE
    4. RESULT ATTACH ORDER: See Exh F5
    5. DATE OF DECISION: Feb, 7, 07

GROUND 3                    NEW EVIDENCE CLAIM 3

PROSECUTORIAL MISCONDUCT "BY" THE PROS-
ECUTORS KNOWN PERJURED USE TESTIMONY
OF IT'S WITNESSES DENIED PETITIONER A
RIGHT TO A FAIR TRIAL AND REQUIRES A REVER-
SILE OF CONVICTION.

(A) SUPPORTING FACTS:

1. IN THE "MOTION SUPPRESS" HELD IN THE
"TRIAL" COURT DEP. D.A DANIEL BURKE USED SGT. E. JUAREZ
TO TESTIFY FALSELY KNOWN PERJURED TESTIMONY TO SAY THEREIN AND TRIAL AND
PHOTOGRAPHIC LINEUP EXISTED OR SHOWN TO WAS
WITNESSES BEFORE PHYSICAL LINEUP HELD
APR 8, 97 See Exh L TRANSCRIPT PGS 196-200,
974-979

2. DEP. D.A DANIEL BURKE USED SGT. B. THURMAN
TO TESTIFY FALSELY IN TRIAL KNOWN PERJURED
TESTIMONY NO PHOTOGRAPHIC LINEUP EXISTED
OR WAS SHOWN TO WITNESSES BEFORE PHYSICAL
LINEUP HELD APR 8, 97 See Exh M TRANSCRIPT
PG 1024.

See CONTINUATION PG of

(B.) SUPPORTING CASES:
CRIMINAL LAW PROCEDURE AND PRACTICE See PEOPLE V
GUZMAN (1988) 45 C3d 915, 941, 248 CR 467, 482).
§ 18.32  PERJURY BY WITNESS DEFENSE ATTORNEYS AND
PROSECUTORS CANNOT ALLOW WITNESSES TO GIVE PERJURED
TESTIMONY. TO DO SO MAY BE A CRIMINAL VIOLATION
(PEN C § 127 SUBORNATION

CONTINUATION PG OF GROUND 3

3. Dep D.A DANIEL Burke used SGT M. YOEL To TESTIFY FALSELY IN TRIAL KNOWN PERJURED TESTIMONY NO PHOTOGRAPHIC LINEUP EXISTED OR WAS SHOWN TO WITNESSES BEFORE PHYSICAL LINEUP HELD APR 8, 97 See Exh N  TRANSCRIPT PG 1422

4. Dep. D.A DANIEL Burke ALLOWED SGT M. YOEL To TESTIFY FALSELY IN TRIAL KNOWN PERJURED TESTIMONY THAT IT WAS NO OTHER SUSPECTS IN THIS CASE See Exh U TRANSCRIPT PG 1454  ALSO INSUPPORT OF SGT YOEL IN COURT  PERJURED TESTIMONY THAT IT WAS NO OTHER SUSPECTS IN THE CASE — A.W INFACT SGT YOEL INTERVIEWED OTHER SUSPECTS See Exh V  ADDITIONAL INFO REPORT AND by SO DENIED PETITIONER A RIGHT TO A FAIR TRIAL AND REQUIRES A REVERSIBLE OF CONVICTION.

*E x h. 1-A*

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

William K. Suter
Clerk of the Court
(202) 479-3011

October 3, 2005

Mr. Antonio Luis Williams
Prisoner ID J05660
P.O. Box 1906
Tehachapi, CA  93581

> Re:  Antonio Luis Williams
>       v. David L. Runnels, Warden
>       No. 04-10084

Dear Mr. Williams:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

*William K. Suter*

**William K. Suter**, Clerk

## <u>Exhibit "A"</u>

That This be Filed as a Citizen's Complaint
Against Dep. D.A Daniel Burke #169598 For
public corruption, perjury, obstruction of
Justice, aiding Abetting, Conspiracy, withholding
Evidence, violation of Dueprocess, Alameda County
No. 130594   1. Criminal No. A087060

On August 11, 98 The Alameda County District
Attorney Office received a Motion For Discovery
For a photo Lineup O.P.D Sgt. Edward Juarez And
on another Employee of Oakland Police Dept.
presented Apr 8, 97 at a physical Lineup illegally
incarcerating petitioner setting me up to be identified
As The Assailant "See Exhibit 1" Motion For Discovery
For undocumented photo Lineup, Alameda County District
Attorney office received August 11, 98 Before "timely"
The start of trial which was set To start As did
August 27th 98 in self Representation trial of petit-
ioner which was not disclosed To The public As
petitioner self Representation was Disrespected  ", violated"
All of his "Constitutional Rights" was violated
in a Racist" prosecution which Lead To a wrongful
Conviction, False Imprisonment. Dep. D.A Daniel Burke
violated The Discovery request For The undocument-
ed photographic Lineup Display by withholding said
undocumented photo Lineup Despite "Exhibit 1" was
submitted. Dep. D.A Daniel Burke ployed a scheme
by SO And used Sgt. Edward Juarez To Testify under
oath in The Motion To Suppress Hearing Falsely

" KNOWN PERJURED TESTIMONY THEREIN STATING HE MADE A MISTAKE WHEN HE TESTIFIED UNDER OATH, 6-17-97 AT PETITIONER PAROLE REVOCATION HEARING FOR SAID CHANGES THEREIN "WE DID A PHOTO LINEUP" AS THIS WAS FIRST REVEALING INFO A PHOTO LINEUP EXISTED OR PROCEEDED THE PHYSICAL LINEUP APR 8,97 AS IT WAS 6 DIFFERENT WITNESSES FROM DIFFERENT BANKS "SEE EXHIBIT 2" SAID ATTENDES. WITNESSES 3 WHO ERRONEOUSLY SELECTED PETITIONER AS THE ASSAILANT AT THE PHYSICAL LINEUP LIND PATAJO, AKINA MENDOZA, GUSTAVO CONTRERAS WERE COERCED BY PLACE OF BY THE UNDOCUMENTED PHOTO LINEUP BY THE OFFICERS PRESENT AND DENIED ME CONSTITUTIONAL RIGHT TO HAVE A ATTORNEY WITNESS THE PHYSICAL LINEUP SEE EXHIBIT 3 SAID LIND PATAJO, AKINA MENDOZA, GUSTAVO CONTRERAS ALL ARE EMPLOYEES OF THE MISSION NATIONAL BANK FOR WHICH PETITIONER WAS ILLEGALLY, UNLAWFULLY FOUND GUILTY, OF ROBBING. PETITIONER WAS EXONERATED BY OTHER PARTICIPANTS AT THE PHYSICAL LINEUP JOSE SAN AUGUSTIN OF BANK OF WEST SHUI-ANN MA, TINA BROWN BOTH OF AMERICAN SAVINGS BANK. DURING THE MOTION TO SUPPRESS HEARING DEP. D.A DANIEL BURKE AS SAID USED SGT. E. JUAREZ UNDER OATH, TO "LIE" AND SAY AT PETITIONER PAROLE HEARING HE MADE A MISTAKE WHEN HE TESTIFIED UNDER OATH "ON TAPE "WE DID A PHOTO LINEUP" TO BRING IN TRIAL A TAINTED, ILLEGAL IDENTIFICATION MADE AT THE PHYSICAL LINEUP AS DID, KNOWN TO BE FALSE. DEP D.A DANIEL BURKE ALSO USED SGT.'S THURMAN, SGT. YOEL OF THE OAKLAND POLICE DEPT. AS SGT. JUAREZ TO TESTIFY UNDER OATH AT PETITIONER TRIAL AND TO JURORS NO PHOTO LINEUP WAS EXHIBITED OR SHOWN "LYING" AT THE END OF TRIAL WITH PETITIONER BEING FOUND GUILTY IN A "ONESIDED" TRIAL WITH THE TRIAL JUDGE JAMES RICHMAN WHO AIDED ABETTED D.A BURKE MISCONDUCT REFUSED WITHOUT REASON TO USE MY ENDORSED FILE JUROR INSTRUCTIONS PREVALENT TO MY RIGHT TO COUNSEL AT A PHYSICAL LINEUP AND IDENTIFICATION SEE EXHIBIT 4  THEREAFTER TRIAL MISTAKENLY

handed me the undocumented photo lineup display See Exhibit 5 Dep D.A Daniel Burke committed various crimes during my right to a public trial, at one point I moved for a mistrial for Judge Richman withholding a key question from Juror 11 gave a dini and in support of the move for mistrial I appointed out to Judge Richman He didn't sanction or penalize D.A Daniel Burke for taking marked evidence outside the courtroom to witness before being sworn in under oath during recess for jurors, In a surprising move Dep D.A Burke as court records will show jumped up demanded the judge shackle me to justify placement of shackles D.A Burke racially fabricated I assaulted court clerk Adarienne Palmer "who pleaded" not to be put in this, instead of calling a mistrial Judge Richman over my objection cited court record "lying" stated I assaulted the clerk and ordered me shackled there's no oral support of assault from clerk Adarienne Palmer nor was I charged. During closing arguments D.A Burke told jurors my reason for shackles were for there safety. Judge Richman was demoted from superior court to municipal court in by his vote of misconduct pending disciplinary proceedings by commission on judicial performance following petitioner complaint See Exhibit 6 After I failed to contact a civil attorney commission's staff counsel failed to notify the public of disciplinary proceedings unbeknownst to petitioner, and on Apr 26 99 in superior court for motion for new trial hearing Judge Richman appeared from chambers refused to recuse himself denied the motion for new trial with out the D.A office submitting a opposing motion and sentenced me to 35 yrs/life as sentence was not disclosed to the public. Petitioner sent Oakland internal affairs a complaint a copy to city attorney Jayne Williams

CHIEF word WITH copies OF UNDOCUMENTED PHOTO LINE-up DISPLAYS. ALSO IN A 27 pg COMPLAINT TO GOV GRAY DAVIS STATE ATTORNEY General BILL LOCKYER, CITY ATTORNEY JAYNE WILLIAMS, U.S DEPT. OF JUSTICE CIVIL RIGHTS DIV-ision, CITY AUDITOR ROLAND SMITH WHO RETURNED DOCUMENTS STATING AFTER CONFERING WITH APPERLATE ATTORNEY JAMES F. JOHNSON WHO D.A BURKE REACHED OFF RECORD AS COMPLAINTS AS INFO, DOCUMENTS, REFUSAL TO INTERVIEW WITNESSES ALSO COMPLAINTS holds 36,46 EXHIBITS INCLUDING A "MOTION OF OBJECTIONS" CITING 27 "CIVIL RIGHTS VIOLATIONS" IN-CLUDING A MOTION TO DISMISS FOR THE UNDOCUMENTED PHOTO-LINEUP held MAR 31ST 98 WHERE "PETTIFOGG" WAS USED SO THE CASE WOULDN'T BE DISMISSED THE D.A OFFICE "WITH HELD" THE UNDOCUMENTED PHOTO DISPLAY'S FROM THE HEARING, CALLED "ANY, NO" WITNESSES INCOURT AS WAS SUBPEOAND AND PRESENT OUTSIDE. PUBLIC DEFENDER WHO WROTE THE MOTION TO DISMISS WAS APART OF MISCONDUCT DIDN'T ALSO CALL IN ANY SUBPEOAND WITNESSES AS SUBPEOANDS ARE EXHIBITS IN PRIOR COMPLAINTS SENT TO SAID ABOVE OFFICALS, SAID PUBLIC DEFENDER ALSO DIDN'T PLAY THE SUBPEOANDED PAROLE TAPE WHERE SGT. JUAREZ FIRST "REVEALED" "WE DID A PHOTO LINEUP." ASSISTANT D.A WILLIAM BALDWIN WROTE OPPOSING MOTION FOR MAR 31,98 MOTION TO DISMISS. SEE EXHIBIT 7 WRITTEN SAME-DAY APR 26,99 I WAS ILLEGDLEY SENTENCED. D.A BURKE POLITICALLY ENDANGERED MY LIFE AT THIS FACILITY HAVING STAFF BREAK OPEN MY LEGAL MAIR SEE EXHIBIT 8 I WASNT INTERVIEWED SEE EXHIBIT 9 WITH HELD BROKEN INTO.
COMPLAINT being SENT TO ATTORNEY GENERAL BILL LOCKYER MAYOR JERRY BROWN, ALAMEDA COUNTY CLERK ROOM 109, CITY ATTORNEY JOHN RUSSO, DISTRICT ATTORNEY OFFICE D.A THOMAS ORLOFF FOR REVIEW. RECALL OF CONVICTION SAID DATE OF COMPLAINT CERTIFIED MAIL. I DECLARE UNDER PENALTY OF PERJURY ALL FOREGOING IS TRUE.

EACH DEPT. WHICH EMPLOYS PEACE OFFICERS SHALL ESTABLISH A PROCEDURE TO INVESTIGATE CITIZENS COMPLAINTS AND SHALL MAKE A WRITTEN DESCRIPTION OF THE PROCEDURE AVAILABLE TO THE PUBLIC. "PC § 832-5"

Sep, 6, 00

Antonio Williams AKQ822

5825 Broder Blvd

Dublin, CA 94566

Pro-per

RECEIVED

'98 AUG 11 P4:09

DISTRICT ATTORNEY
ALAMEDA COUNTY

ENDORSED
FILED
ALAMEDA COUNTY

JUL 31 1998

RONALD G. OVERHOLT, Exec. Off./Clerk
By Gail Gray

Superior Court

County of Alameda

The people of The STATE OF CALIF.                    No. 130589

Respondent                              Dept 7

vs      Exhibit 1.

ANTONIO WILLIAMS,

Defendant

Motion For Discovery:

Petitioner Motion This Court For An Order
For Discovery From The STATE in That There
Are MATERIAL evidence in iT's possession
That HAS NOT been Turned Oder To Defense.

1.  IDentity And CurrenT Address OF informants
2.  ALL STATEments OF The Accused, HOWever
    Preserved.
3.  ALL Info pertaining To Apr 8th 1997 photo lineup
4.  Videos
5.  ALL Tape recordings An oTher evidence OF
    police Radio CALLS pertaining To The

INVESTIGATION, SURVEILLANCE, AND ARREST OF DEFENDANT.

6. NAMES AN ADDRESSES OF ANY AN ALL WITNESSES THE PROSECUTION INTENDS TO-AND EXPECTS TO CALL TO TESTIFY AT TRIAL, DEFENDANT HAVING THE RIGHT INTERVIEW AND ASCERTAIN WHAT ANY POTENTIAL WITNESS WILL TESTIFY TO.

7. ALL PHOTOGRAPHS AND THINGS OF LATENT FINGER-PRINTS TAKEN AT SCENE OF CRIME AND ITEMS TAKEN THEREFROM, INCLUDING ALL REPORTS AND COMPARISONS MADE THEROF.

8. PHOTOGRAPHS THAT HAD BEEN EXHIBITED TO VICTIM TO IDENTIFY PERPETRATOR: (OR ANY PART OF HIS BODY)

9. POLICE DILIGENCE REGARDING INFORMERS:

10. RECORDINGS OF ACCUSED'S CONVERSATION WITH POLICE OFFICERS AND OF CONVERSATION BETWEEN POLICE AND VICTIM.

11. ANY AN ALL EVIDENCE FAVORABLE TO THE ACCUSED:

12. ALL PHOTOGRAPHS SHOWN TO PROSECUTION WITNESSES AND OTHER PERSONS DURING THE INVESTIGATION OF THE CASE WHICH WERE USED IN AN ATTEMPT TO SECURE OUT-OF-COURT IDENTIFICATION OF DEFENDANT:

13. NAMES AND ADDRESSES OF ALL PERSONS WHO FAILED TO IDENTIFY DEFENDANT UPON BEING PRESENTED WITH PHOTOGRAPHS BY OFFICERS INVESTIGATING THE CASE.

14. EVIDENCE TENDING TO AFFECT CREDIBILITY OF EVIDENCE USED BY PROSECUTION:

15. EVIDENCE WHICH HAS BEARING ON AN IDENTIFICATION TESTIMONY.

16. PROSECUTION HAS OBLIGATION NOT TO LET FALSE EVIDENCE GO UNCORRECTED AT TRIAL, EVEN IF PROSECUTION DID NOT SOLICIT IT.

17. PROSECUTOR MUST REVEAL ANY KNOWN CONTRARY STATEMENTS OF HIS OWN WITNESSES EVEN THOUGH HE MAY BELIEVE CURRENT TESTIMONY TO BE TRUE.

18. WITNESSES FAVORABLE TO THE ACCUSED OR EXISTENCE OF.

19. ALL INDICIA RECOVERED DURING SEARCHES AND OR LETTERS TAKEN OR OR WRITING USED, IN THIS CASE AND OR TRIAL.

THE STATE UNDER CALIFORNIA LAW IS DUTY BOUND TO TURN OVER ALL MATERIAL EVIDENCE WHETHER REQUESTED BY THE DEFENSE OR NOT.

DATED JULY 27TH 1998

Antonio Williams
Pro Per

ADDITIONAL INFORMATION REPORT

OAKLAND POLICE DEPARTMENT
455 - 7th Street
Oakland, CA 94607

RD # 97-27737

CRIME: Robbery    [ ] SUPPLEMENTAL 211 PC

INCIDENT #    V1    VICTIM  LAST, First, Mid.

SUSPECT  LAST, First, Mid.

INCIDENT LOCATION  3241 Lakeshore    DATE OF THIS REPORT 4 APR 97    ORIGINAL DATE REPORTED

ITEM #    QNTY.    PROPERTY (and/or NARRATIVE)
ITEM TYPE, BRAND, MODEL #, SIZE, COLOR, MARKS, ETC    SERIAL #    VALUE

## Exhibit 2

The lineup was conducted in the usual manner with each member of the line being asked to step to the center microphone. All of the members of the line were handcuffed due to Williams hostile behavior. They were all asked to perform a series of quarter turns, completing a full circle. The members were then asked to walk the length of the stage in each direction and return to the center microphone. A black baseball cap was placed on each member and they were asked to repeat the phrase, "Don't be a hero", three times.

Sgt. Thurman read the instructions from the standard Oakland Police Lineup Card to the witnesses and called the line-up. I videotaped the line-up and Sgt. Joe Aguirre took photos. Sgt. E. Holloman put the baseball cap on each suspect when they were at the center microphone.

The witness results are as follows:

| | | |
|---|---|---|
| Jose San Augustin | no mark on his card | 97-27908 |
| Shui-Ann Ma | no mark on his card | 97-27737 |
| Tina Brown | no mark on his card | 97-27737 |
| Lina Patajo | "X" on #3 | 97-24869 |
| Akira Mendoza | "X" on #3 | 97-24869 |
| Gustavo Contreras | "?" on #3 | 97-24869 |

I took a statement from Contreras. He stated #3, Johnson, sounded exactly like the suspect who robbed him. He stated he would be sure but the suspect was more clean shaven and appeared taller. He stated the build is the same.

Sgt. Thurman took statements from both Mendoza and Patajo. They were both sure Johnson is the suspect.

Exhibit 3                00017

# OPD

ADDITIONAL INFORMATION REPORT

OAKLAND POLICE DEPARTMENT
455 - 7th Street
Oakland, CA 94607

RD # 97-27737

| CRIME | [ ] SUPPLEMENTAL | INCIDENT # | | VICTIM LAST, First, Mid. |
|---|---|---|---|---|
| Robbery 211 P.C | | | V1 | |

SUSPECT LAST, First, Mid.

INCIDENT LOCATION 3241 Lakeshore

DATE OF THIS REPORT 9APR97

ORIGINAL DATE REPORTED

| ITEM # | QNTY. | PROPERTY (and/or NARRATIVE) ITEM TYPE, BRAND, MODEL #, SIZE, COLOR, MARKS, ETC | SERIAL # | VALUE |
|---|---|---|---|---|

On 8Apr97, 1830 Hrs. I went to the jail to put together a
physical line-up, which would include Antonio Williams AKA. James
Johnson. I had been advised earlier by the jail supervisor, Sgt.
R. Stewart, that Williams had stated he was not going to
willingly attend the line-up. Sgt. Stewart explained to Williams
that he would draw attention to himself if he had to be
physically forced to attend the line-up. Sgt. Thurman had also
been to the jail and advised Williams that it would be best if he
attended the physical line-up without having to be forced. Sgt.
Hollomon also did the same. Williams even stated we would have
to fight him to get him to attend and he would do whatever he had
to do if anyone tried to force him to do anything. Sgt. Brock
and I went to the jail and also tried to convince Williams to
willingly comply, but he still refused. I handcuffed Williams
and tried to walk him throughout the jail to pick his fillers.
He refused to pick any fillers. He was brought back to the area
near his cell, and we attempted to pick his fillers. Williams
was insisting we were setting him up and he wanted a lawyer to
witness the line-up. We explained to him he did not have the
right to have a lawyer as present as he was not charged with the
crime he was being lined up for. He was so insistent, an attempt
was made to contact the public defenders office, but there was no
one present. He stated he wanted to see the law in "black and
white." I showed him the Point of View issued by the Alameda
County District Attorney's Office, which cited the case law.
Williams was not satisfied and was still screaming at the other
people who agreed to attend and intimidating them to refuse. We
were unable to get any other prisoners to attend. We began to
arrange for police officers in civilian clothing to stand in the
line-up, when Williams told me he would comply but he wanted to
pick his own fillers. Up to this point he was very hostile,
yelling and threatening to resist with force from standing in the
line-up. Williams picked his fillers.

The physical lineup was held at the Oakland Police Department
Lineup Room. The line was comprised of the following people
selected from the general population of the Oakland City jail.

Lineup:

| | | | |
|---|---|---|---|
| 1- | Scott, Markell | MB | |
| 2- | Everett, Milton | MB | |
| 3- | Johnson, James | MB | AMW667 |
| 4- | McGowan, Andrew | MB | ALQ822 |
| 5- | Copes, Eugene | MB | UIB399 |
| 6- | Richardson, Antonio | MB | UHY450 |
| | | MB | AQS167 |

# REPORT OF INTERVIEW

000537

## I. DATE: 3/4/98

CLIENT:          ANTONIO WILLIAMS
ATTY:            MCCORMICK
INV. #:          I-98-026
DOCKET:          130594
Dictation Date: 3/4/98          Date Typed: March 9, 1998

FILE

SUBJECT:         ANTONIO RICHARDSON  AQS 167

INVESTIGATOR:    LABEAUX

Richardson states that he participated in a physical lineup on April 8, 1997. Richardson states that a Black Male Jailor and two Plainclothes White Officers entered the Pod. Richardson states that Client was with the three Officers.

Richardson states that one of the Plainclothes Officers stated to Client "Pick somebody out for a lineup".

Client then said "I don't want to pick anybody, you all trying to set me up."

The same officer then responded, well go on and pick somebody out and stop playing with us."

Richardson states that the cop and Client began arguing back and forth about how Client was saying that he was being framed by these guys.

The same officer then pointed to Richardson and said, "How about him, he looks similar to you".

Client then said, directing his comment to Richardson, "no, Tone, don't get involved, they're trying to set me up."

Richardson states that the four, the jailor, the two Plainclothes Officers and client then left the Pod.

Richardson states that he cannot explain why they left and that it did not seem like the Client was not trying to cooperate with them, he just did not want to be involved with picking out fillers for his lineup.

Richardson states about five or ten minutes later the Black Male Jailor and two Plainclothes Officers returned with Client, however one of the Plainclothes Officers was not the same one, he was replaced with a Black Male Plainclothes Officer. Richardson recalls that Client then said, when they entered the Pod,

continued.......

---

# REPORT OF INTERVIEW

000538

CLIENT: ANTONIO WILLIAMS
SUB: ANTONIO RICHARDSON                P. 2

INV. #: I98-026

"Come on blood", referring to Richardson, "come on man".

They then walked out of the Pod to the hallway area. Throughout their walk, Client kept saying,

"I want an attorney here. They're trying to set me up and I don't want to be involved."

Richardson states that they were in the hallway of City Jail and the officers were having each of the fillers say something however Richardson cannot recall what he was told to recite but that Client kept saying,

"Man they trippin', I ain't did nothin' like this.

Richardson states that the Client and the White Male Officer were getting into it again. The Client and White Officer were down the hallway near the bars while Richardson and the other fillers waited further into the hallway. Richardson states that they were eventually told to enter the room and stand in front of some numbers and each person was asked to approach the mike, turn this way and turn that way.

Richardson recalls that everyone complied with what was asked of them including the Client. Richardson recalls that Client was calm and complete and did not cause a problem.

Previous to entering into the physical lineup room, Client did seem a little emotional in that he had been arguing back and forth with the two Plainclothes Officers. The White Plainclothes Officer was saying all kinds of stuff to the Client and Client was trying to get back into it with the White Male Plainclothes Officer. Richardson recalls trying to get Client's attention to tell him to just calm down and be cool.

Richardson states that he has been incarcerated currently from Feb. 13, 1998 to 3/14/98 for a petty theft and traffic tickets.

Richardson states that he also is appearing later this month on a 2/98 incident where he was cited on West St. in Oakland for knocking on a building or establishment where narcotics were being sold.

Richardson states that he is on 3-year unsupervised probation for 11350 charge in Alameda County. Richardson states he has 40 days to go on the probation for that particular charge.

TLB:or

# REPORT OF INTERVIEW

BMBI

BRUCE M BUTLER INVESTIGATIONS

1140 Broadway, Suite 902
Oakland, California 4612
510/465 BMBI (2624)
800/420-BMBI (2624)

License #PI9905
EMAIL:BMBIBI4@AOL.COM

Mailing Address:
P.O. Box 10083
Oakland, CA 94610-0083
Fax 510/658-6541

September 14, 1998

Case: People v. Antonio Williams PFN:ALQ 822
Docket # 130594

Conducted by: Bruce M. Butler          *Exhibit # 4*
              Alameda County Court Appointed Investigator

Defendant stated the following:

. Judge Richman in Department 5, denied defendant the right to have Oakland
Police officers Brock and Hoffman to testify in trial. These officers were
stated that these officers had relevant information concerning his case. Defendant
present during the defendants physical lineup on April 8, 1998. Defendant

. Judge Richman denied the defendant the right to re-subpoena Parole Officer
Hedwick and witness Gustavo Contreras. Defendant stated that these individuals
had relevant information concerning his case.

. Judge Richman did not use the defendants jury instructions. Defendant
submitted his jury instructions, which were endorsed by the court clerk, and
the District Attorney submitted his own jury instructions. Judge Richman
accepted the Districts Attorneys instructions and not his.

Signed:

Date: September 14, 1998

ENDORSED
FILED
ALAMEDA COUNTY

APR 26 1999

CLERK OF THE SUPERIOR COURT
By A. Yvonne Bazzell, Deputy
E. Opelski-Erickson

SHORT TITLE:

CASE NUMBER:

# PROOF OF SERVICE OF SUBPENA

1. I served this ☒ Subpena  ☐ Subpena Duces Tecum and supporting affidavit  by personally delivering a copy to the person served as follows:

a. Person served (name): SGT Holloman Via Count Litten office

b. Address where served: STH Street
Cark Cad, CA

c. Date of delivery: 9-8-98

d. Time of delivery: 10-20- 7AM

*Exhibit 2*
*4*

2. I received this subpena for service on (date): 9-7-98

## 3. ☐ NON-SERVICE RETURN OF SUBPENA

a. ☐ After due search, careful inquiry, and diligent attempts at the dwelling house or usual place of abode or usual place of business, I have been unable to make personal delivery of this ☐ Subpena ☐ Subpena Duces Tecum in this county on the following persons (specify):

b. Reason:
(1) ☐ Unknown at address.
(2) ☐ Moved, forwarding address unknown.
(3) ☐ No such address.

(4) ☐ Out-of-county address.
(5) ☐ Unable to serve by hearing date.
(6) ☐ Other reasons (explanation required):

4. Person serving:
a. ☐ Not a registered California process server.
b. ☐ California sheriff, marshal, or constable.
c. ☐ Registered California process server.
d. ☐ Employee or independent contractor of a registered California process server.

e. ☒ Exempt from registration under
Bus. & Prof. Code section 22350(b).

f. Name, address, and telephone number and, if applicable, county of registration and number:
Bruce M. Butler
1440 Broadway, #202
Oakland, CA 94612
(510) 465-2624

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9-8-98

► _____
(SIGNATURE)

(For California sheriff, marshal, or constable use only)
I certify that the foregoing is true and correct.

Date:

► _____
(SIGNATURE)

12(a)(16) [Rev. January 1, 1991]

PROOF OF SERVICE OF SUBPENA
(CRIMINAL OR JUVENILE)

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## PROOF OF SERVICE OF SUBPENA

1. I served this ☑ Subpena  ☐ Subpena Duces Tecum and supporting affidavit  by personally delivering a copy to the person served as follows:

   a. Person served (name):  B-Breck 7882  via Coordination office  OPD

   b. Address where served  1520 5th st
      Oakland, CA

   c. Date of delivery:  9-8-97

   d. Time of delivery:  10:20 A.M.

2. I received this subpena for service on (date):  9-7-58

3. ☐ **NON-SERVICE RETURN OF SUBPENA**

   a.☐ After due search, careful inquiry, and diligent attempts at the dwelling house or usual place of abode or usual place of business, I have been unable to make personal delivery of this  ☐ Subpena  ☐ Subpena Duces Tecum in this county on the following persons (specify):.

   b. Reason:

   (1) ☐ Unknown at address.

   (2) ☐ Moved, forwarding address unknown.

   (3) ☐ No such address.

   (4) ☐ Out-of-county address.

   (5) ☐ Unable to serve by hearing date.

   (6) ☐ Other reasons (explanation required):

4. Person serving:

   a. ☐ Not a registered California process server.

   b. ☐ California sheriff, marshal, or constable.

   c. ☐ Registered California process server.

   d. ☐ Employee or independent contractor of a registered California process server.

   e. ☑ Exempt from registration under Bus. & Prof. Code section 22350(b).

   f. Name, address, and telephone number and, if applicable, county of registration and number:
      Bruce M. Burton
      1440 Broadway #202
      Oakland, CA 94612
      (510)465-2624

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  9-8-80

▶ _____
(SIGNATURE)

(For California sheriff, marshal, or constable use only)
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

982(a)(16) [Rev. January 1, 1991]

**PROOF OF SERVICE OF SUBPENA**
(CRIMINAL OR JUVENILE)

5925 Brocker Blvd

Dublin, CA 94566

Pro-per

ENDORSED
ALAMEDA COUNTY
FEB 1 1996
RONALD OVERHOLT, Exco. Off/Clerk
By: Antonio Palmer

Exhibit 4

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

THE PEOPLE OF THE STATE
OF CALIFORNIA, ·

     Plaintiff,

v.

ANTONIO WILLIAMS

     Defendant.

_____/

Dept. No: 7

No: 130594

## DEFENDANT'S PROPOSED SPECIAL INSTRUCTION

You are instructed that the holding of the lineup in this case without counsel to represent the defendant was in violation of defendant's right to counsel guaranteed by Article I, §15 of the California Constitution. The absence of counsel may be considered by you in deciding whether the identification of defendant by any witnesses who were present at the lineup are accurate. There may have been suggestive actions at the lineup causing an erroneous identification which could have been recorded if counsel had been present. Also, defendant's attorney would be better able to cross-examine the lineup witnesses at trial and to prepare for final argument. Although you are not required to do so, you may infer that the absence of counsel at the lineup raises a reasonable doubt of any identification of defendant by any witnesses who were present at the lineup and you should view the testimony of such witnesses with caution.

People v. Bustamante (1981) 30 Cal.3d 88.

Raven v. Deukmejian (1990) 52 Cal.3d 336, 354.

People v. Zamora (1980) 28 Cal.3d 88.

People v. Wimberly (1992) 5 Cal.App.4th 773, 792-794.

People v. Fernandez (1990) 219 Cal.App.3d 1379, 1384-1385.

DATED. 8-21-98

Antonio Williams
Pro-per

JOHN J. MEEHAN
District Attorney
County of Alameda
900 Courthouse
1225 Fallon Street
Oakland, CA 94612
(510) 272-6222

Daniel R. Burke
Deputy District Attorney

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF ALAMEDA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA ) | No. 130594 |
| v. ) | |
| ) | Dept. No. 5 |
| ) | |
| JAMES JOHNSON AKA ANTONIO WILLIAMS, ) | Date: 9/10/98 |
| ) | |
| Defendant. ) | Time: 9:00 |

### PEOPLE'S PROPOSED SPECIAL JURY INSTRUCTION

A BANK EMPLOYEE MAY BE THE VICTIM OF A ROBBERY EVEN THOUGH HE OR
SHE ITS OWNER AND NOT AT THE MOMENT IN IMMEDIATE CONTROL OF THE
STOLEN PROPERTY.

See People v. Jones at 42 Cal.App.4th 1047

Dated: 10 SEPTEMBER 1998

THOMAS J. ORLOFF
District Attorney

By:

DANIEL R. BURKE
Deputy District Attorney

↑ Antonio Williams

PETITIONER

UNDOCUMENTED

April 8, 97 Photographic Lineup

↑ Bro Mark Williams

Exhibit 5

↑ Decease Bro Anthony Williams







All Photos of
Antonie Williams











★ WANTED ★
**211 P.C. BANK ROBBERY**
Caution: Armed and Dangerous
Susp stated he had a gun
MB 25-27 5yrs 506-508 165
Arrest on Probable Cause for 211 P.C. RB#97-27737
Loc: American Savings Bank, 3241 Lakeshore
Occ: 25 MAR 97 -0903 hrs
**OAKLAND POLICE DEPARTMENT**
Robbery Section
Contact: Sgt. F. Juarez
Day or Night: 1(510)238-3951
PHOTO ISSUED : 26 MAR 97

★ WANTED ★
**211 P.C. BANK ROBBERY**
Caution: Armed and Dangerous
Susp stated he had a gun
MB 25-27 5yrs 506-508 165
Arrest on Probable Cause for 211 P.C. RB#97-27737
Loc: American Savings Bank, 3241 Lakeshore
Occ: 25 MAR 97 -0903 hrs
**OAKLAND POLICE DEPARTMENT**
Robbery Section
Contact: Sgt. F. Juarez
Day or Night: 1(510)238-3951
PHOTO ISSUED : 26 MAR 97

Apr 8 97
physical lineup









**★ WANTED ★**
**211 P.C. BANK ROBBERY**
Caution: Armed and Dangerous
Susp stated he had a gun
VIB 25-27 yrs 506-508 165
Arrest on Probable Cause for 211 P.C. RD#93-27737
Loc: American Savings Bank 3241 Lakeshore
Occ: 25 MAR 97 40903 hrs
**OAKLAND POLICE DEPARTMENT**
Robbery Section
Contact: Sgt. E. Juarez
Day or Night: 1(510)238-3951
PHOTO ISSUED : 26 MAR 97

**★ WANTED ★**
**211 P.C. BANK ROBBERY**
Caution: Armed and Dangerous
Susp stated he had a gun
VIB 25-27 yrs 506-508 165
Arrest on Probable Cause for 211 P.C. RD#93-27737
Loc: American Savings Bank 3241 Lakeshore
Occ: 25 MAR 97 40903 hrs
**OAKLAND POLICE DEPARTMENT**
Robbery Section
Contact: Sgt. E. Juarez
Day or Night: 1(510)238-3951
PHOTO ISSUED : 26 MAR 97





8

PC § 832.5 Citizen Complaint / TO \ "Attention" District Attorney office Alameda My Name is Antonio Williams PFN # ALØ822 pro-per Defendant in This Matter Case No. 130594. I Ask This be A Sworn Legal Affadavit, Complaint pc§ 832.5 Citizen Complaint:

ENDORSED FILED ALAMEDA COUNTY AUG 2 1998 RONALD OVERHOLT, Clerk of the Superior Court By JeNel PitMan, Deputy

I'm Asking for Investigation, probe into The Federal And State Violations deliberate And intentional Crimes Wrought upon Defendant Antonio Williams Inre of This Case No: 130594 See All endorsed Filed Motions At District Attorney office Dated August 11, 98 That Wasn't heard in the 10 day Rule Non Compliance of Discovery Which Warrants A dismissal of charges. Further proceeding of prosecution OF This Case No: 130594 is discrimintorial prosecution A Malicous prosecution, Seemingly A Racist one, And Illegal incarcaration With defendant being Framed by Oakland Police Dept OF Undocumented photo graphic Line up Apr 8, 97 Before physical Line up Apr 8, 97 See Tape in evidence. See All Defendant Motions in pro-per As Well As Filed Complaints, Affadavits Citizen 832.5 Complaints, grievances At Alameda County Jail of Harassment Dated: 8-19-98 Tracking # 986.1319. Also Dated 8-26-98 Tracking No: 986.1357. Based on My Illegal incarcaration, Any Conviction in This Case Would be OF False Imprisonment And "serious Civil Litigations of



State of California
Commission on Judicial Performance
101 Howard Street, Suite 300
San Francisco, CA   94105
(415) 904-3650
FAX (415) 904-3666

February 23, 1999

Exhibit 6

Antonio Williams
#AJ Q82-94-F-1
5325 Broder Blvd.
Dublin, CA  94566

Dear Mr. Williams:

On February 22, 1999, we received your most recent correspondence to this office. Please be reminded that the Commission on Judicial Performance is an independent state agency responsible for handling allegations of judicial misconduct. We do not represent individuals and have no authority to provide legal advice or in any way assist you with your case. With respect to the legal proceedings which gave rise to your complaint, you may wish to consult an attorney about what options may be available to you.

Your further correspondence will receive the consideration of the commission, after which we will be in touch with you again.

Very truly yours,

Staff Counsel

KC:bWl 0223wil



State of California
Commission on Judicial Performance
101 Howard Street, Suite 300
San Francisco, CA  94105
(415) 904-3650
FAX (415) 904-3666

February 16, 1999

ENDORSED
FILED
ALAMEDA COUNTY

APR 26 1999

CLERK OF THE SUPERIOR COURT
By A. Yvonne Dazzell, Deputy
E. Oelski Enchar

Antonio Williams
(ID: ALQ822 4-F-8)
N.C.J.
550 6ᵗʰ Street
Mail # 953
Oakland, CA  94607

Dear Mr. Williams:

    We are reviewing your further correspondence relating to your complaint dated November 9, 1998. This information will receive the consideration of the commission, after which we will be in touch with you again.

    Please be reminded that the commission's authority is limited only to alleged misconduct by judges and has no authority over attorneys, court staff or police officers.

    Nor does this commission have the authority to provide legal advice, reverse or relitigate legal rulings, move your case to another department or court, or otherwise intervene in your case.

    To the extent you wish to provide additional information, do not send duplicates of material you have already provided. Please limit yourself to tapes, transcripts, court orders, memoranda, correspondence or other documents that you believe support your claims of misconduct by *judges*.

                              Very truly yours,

                              Staff Counsel

KC:bb/L0216wil

Confidential under California Constitution,
and the VI. Section 18 and Constitution Rule 102



State of California
Commission on Judicial Performance
101 Howard Street, Suite 300
San Francisco, CA   94105
(415) 904-3650
FAX (415) 904-3666

ENDORSED
FILED
ALAMEDA COUNTY

APR 26 1999

November 9, 1998

CLERK OF THE SUPERIOR C
By A. Yvonne Darrell  Da
E-Qail Shitin

Dear Correspondent:

This letter is to acknowledge receipt of your recent complaint against a California judge(s). We are presently reviewing this information and you will be advised in writing, at a later date, of the Commission's action in this matter.

Very truly yours,

Judith R. Starks
Receptionist

JRS:hs

Confidential under California Constitution,
Article VI, Section 18, and Commission Rule 102



State of California

**Commission on Judicial Performance**
455 Golden Gate Avenue, Suite 14400
San Francisco, CA  94102-3660
(415) 557-1200
FAX (415) 557-1266

April 26, 1999

Antonio Williams
ALQ822 4-F-8
N.C.J.
550-6th Street, Mail 953
Oakland, CA  94607

_Exhibit 7_

Dear Mr. Williams:

At its April meeting, the Commission on Judicial Performance determined not to take further action with respect to your complaint dated October 30, 1998.

After considering all the information before it about this matter, the commission concluded that your complaint does not provide grounds for proceeding further. No support for any allegation of impropriety by the judge you named has been uncovered. Therefore, no further action will be taken on your complaint.

We do appreciate your time and effort in bringing this matter to the commission's attention.

Very truly yours,

Karen Clay
Staff Counsel

KC:bb/L0426wil

STATE OF CALIFORNIA — YOUTH AND ADULT CORRECTIONAL AGENCY

DEPARTMENT OF CORRECTIONS
Office of Internal Affairs-Northern Region
10834 International Dr., Ste 210
Rancho Cordova, CA 95670-7338

GRAY DAVIS, Governor



June 21, 2000

Inmate Antonio Williams, J-05660
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127


"EXHIBIT  "

Dear Mr. Williams:

Your letter dated April 6, 2000, which was addressed to the Attorney General of the State of California, was referred to the Office of Internal Affairs-northern Region for review. It is noted within your correspondence you are requesting to file a Citizen's Complaint against various staff at High Desert State Prison for reasons, which are vague and somewhat unclear. You have cited issues such as denial of due process, equal protection of law, negligence of duty, refusing to process appeals, felonious wrong doings and denial of access to the court. You have failed to provide any specific instances of such violations. You have also state mailroom staff are opening and breaking into your legal mail and then implying staff may be removing documents.

I have looked into the allegations concerning the tampering of your legal mail. There is no evidence to support your allegations. In interviewing staff they are adamant your mail is not being tampered with and no one is opening, removing, reading or photocopying your legal mail.

The inmate appeals process is outlined in the California Code of Regulations (CCR), section 3084. In review of the appeals you have filed I can find no evidence, which would indicate any violation of your due process. There has been at least one appeal, which was screened out in accordance with section 3084.3 of the CCR's.

If you have any other concerns feel free to contact this office at the above listed address.

Sincerely,

ART SMITH
Senior Special Agent
Office of Internal Affairs-Northern Region



C1-1040

Antonio Williams, J05660
High Desert Prison
Facility C-6-207
P. O. Box 3030
Susanville, CA 96127

Exhibit 9

CITY OF OAKLAND

One Frank H. Ogawa Plaza
Oakland, California 94612

600-253 (2/99)

U.S. POSTAGE
$6.60
PB METER
7080709

OAKLAND
JUL 20 '00
CA

of inmates within a facility; to all of an individual inmate's mail; or only to correspondence between an inmate and a specific correspondent.

(4) The procedure to apply at each facility will be stated in the facility's mail procedures and such procedures shall be conspicuously displayed at appropriate locations throughout the facility. Improperly sealed or unsealed letters bearing a confidential notice will be returned to the inmate.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 2601, Penal Code.

### 3143.  Processing Incoming Confidential Mail.

Incoming letters bearing the name or title and a return address of persons and the office of persons listed in Section 3141 will be processed as confidential correspondence. This includes franked mail from governmental officials listed in Section 3141. A notice or request for confidentiality is not required on the envelope. Such incoming confidential mail will not be read by any staff member before or at the time the letter is delivered to the inmate, except as described in Sections 3138 and 3144(a). Incoming correspondence bearing only a department or agency return address without any reference to the name or title of the officials or persons listed in Section 3141 will be processed by designated employees as nonconfidential correspondence.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 2601, Penal Code.

### 3144.  Inspection of Confidential Mail.

To determine the possible presence of contraband all incoming confidential mail will be inspected prior to delivery to an inmate. Confidential mail will be opened and inspected for contraband only and only in the presence of the inmate addressee. Inspecting correctional officials will not read any of the contents of the confidential mail. Outgoing confidential mail may be inspected, with or without opening the mail for cause only.

(a) Cause may include, but is not limited to, the reasonable belief by correctional officials that the letter is not addressed to or is not from an official or office listed in Section 3141 or when other means of inspection indicates the presence of physical contraband in the envelope. In such instances the mail will be opened in the presence of the inmate for determination.

(b) Upon determination that the envelope contains prohibited material or that there is a misrepresentation of the sender's or the addressee's identity the letter and any enclosures may be examined and read in its entirety to determine the most appropriate of the following actions:

(1) When the prohibited material or misrepresentation of identity indicates a violation of the law or an intent to violate the law, the matter will be referred to the appropriate criminal authorities for possible prosecution. Any case referred to criminal authorities will be reported to the director. When a case is referred to criminal authorities and the determination is made not to prosecute, the fact of the referral and the determination made will be reported to the inmate and to the inmate's correspondent. The director will be informed of the outcome of all referrals to criminal authorities.

(2) When an inmate's action or complicity indicates a violation of law; the regulations set forth in this article; or approved facility mail procedures; the matter may also be handled by appropriate disciplinary action.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 2601, Penal Code; and *Wolff v. McDonald*, 94 S. Ct. 2963 (1974).

### 3145.  Enclosures in Confidential Mail.

When the inspection of confidential correspondence discloses written or printed enclosures, the enclosures will be treated in the same manner as confidential correspondence. The inmate will not be given the enclosures or be allowed access to the enclosures except as authorized in the following subsections:

(a) The inmate may consent to an immediate examination of the enclosure by a staff member of the facility who issues mail. Such examination will be limited to the extent necessary to determine if the enclosure may be safely admitted into the facility under the standards of Penal Code Section 2601. The conclusion of the examiner will be written on the enclosure, and be dated and signed by the examiner. If the enclosure can be safely admitted into the facility, it will be given to the inmate. If in the examiner's opinion the enclosure does not meet the standards of Penal Code Section 2601 and cannot be safely admitted into the facility, it will be referred to a facility staff member at not less than the program administrator level, for final determination. If not released to the inmate at this level, the inmate will be allowed access to the enclosure only as authorized in subsection (b).

(b) The inmate may decline to consent to examination of enclosures in confidential mail by any staff member. When this occurs, the enclosure will be immediately placed in a separate envelope and the envelope will be sealed in the presence of the inmate. The outside of the envelope will be annotated with the inmate's name and number, a notice that the content consists of unexamined confidential enclosures removed from confidential correspondence; the date correspondence was received; and the name and address of the sender. The envelope will then be placed in the inmate's unissued personal property or will be stored in another place designated by the facility. The inmate will be allowed the maximum possible access to that material for review and examination in a place or manner which will prevent the material from being read by other inmates and staff.

(c) Any person who examines the content of mail under the authority of this section, or in connection with an appeal by an inmate, of a ruling under this section must keep the content of the material which was examined in strict confidence and make no reference to the contents in any documentation which may be entered in the inmate's case file.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 2600, Penal Code, and *In re Jordan*, 12 CA 3rd 575 (1974).

### 3146.  Mail in Languages Other Than English.

Mail may be subject to a delay for translation of its contents by staff.

When such delay exceeds normal mail processing by five business days, the inmate shall be notified in writing of the delay; the reason for the delay; and subsequent determinations and actions regarding that item of mail.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 2600 and 2601, Penal Code.

HISTORY:

1. Amendment filed 1-3-95 as an emergency; operative 1-3-95 (Register 95, No. 1). A Certificate of Compliance must be transmitted to OAL 6-12-95 or emergency language will be repealed by operation of law on the following day.

2. Amendment refiled 6-13-95 as an emergency; operative 6-13-95 (Register 95, No. 24). A Certificate of Compliance must be transmitted to OAL by 11-20-95 or emergency language will be repealed by operation of law on the following day.

3. Reinstatement of section as it existed prior to emergency amendment filed 12-27-95 by operation of Government Code section 11346.1(f). Certificate of Compliance as to 6-13-95 order transmitted to OAL 11-9-95; disapproved by OAL and order of repeal as to 6-13-95 order filed on 12-27-95 (Register 95, No. 52).

4. Amendment filed 12-27-95 as an emergency pursuant to Government Code section 11346.1; operative 12-27-95 (Register 95, No. 52). A Certificate of Compliance must be transmitted to OAL by 4-25-96 or emergency language will be repealed by operation of law on the following day.

5. Certificate of Compliance as to 12-27-95 order including amendment of section transmitted to OAL 4-25-96 and filed 6-6-96 (Register 96, No. 23).



High: 59
Low: 51
**Details in**
*Coffee Break*



# The Oakland

SERVING OAKLAND FOR 12

Feb 4, 2

www.oaklandtribune—ang.com

# The lightning rod of City Hall

## Auditor Roland Smith creates whistleblower program

**By Kathleen Kirkwood**
STAFF WRITER

OAKLAND — Roland Smith's first year as city auditor hasn't made Rolling Stone and Lesley Stahl hasn't called yet for an interview.

It's true. Smith isn't an ex-governor who dated Linda Ronstadt. But since he was inaugurated Jan. 4, 1999, along with Mayor Jerry Brown, he has been stepping on bureaucratic toes and auditing issues as he sees fit.

In short, Smith has been making his presence felt behind the scenes. The auditor doesn't need strong mayor power to gain access to nooks and crannies at Oakland City Hall — he already has it.

Thursday, Smith turned himself into a lightning rod for complaints, announcing a whistleblower program to investigate allegations from residents and employees about city negligence, abuse and other wrongdoing.

The auditor said he does not expect an overwhelming deluge of complaints, but he admits when the word got out he was starting it up, a council member promptly turned one in.

During the past year, Smith has taken the independent definition of the auditor's job seriously. He has ferreted out a bureaucrat who was running a business out of City Hall (he

Please see **Auditor**, NEWS-13

# auditor: Smith thoroughly enjoys his work

Continued from NEWS-1

would not reveal who or what department) and contradicted official statements regarding the city's troubled payroll system.

He currently is delving into possible equipment inventory misdeeds and getting ready to put the city's controversial, over-budget contract with Oracle Corp. under a microscope.

From his perspective, he has the best gig at City Hall.

Many would balk after reading the city auditor's duties, detailed at length in the City Charter. The job sounds bleak and exhausting. Among other charges, the auditor must issue impartial financial analyses of ballot measures, conduct performance audits of all departments and review accounting, functional and operating controls.

But Smith, a certified public accountant with a background in tax legislation, who has served on 17 local advisory commissions, is thoroughly enjoying himself.

There is no limit in the City Charter to what office or program he can investigate.

"If we want to see something, we will go and look at it," he said. "This is the most exciting job a person could have."

Thus far, he has encountered few roadblocks. There was a minor skirmish early in 1999 over whether he would be able to check into revenues from parking fines, when he was told he needed departmental approval first. Not one to be put off, Smith pursued the information and even got an apology.

He admits, with a shrug, "I'm a pugnacious person."

Smith's style is a little different than that of his predecessor, Norma Ng Lau. She was noted for thorough reports on city business that were both insightful and easy to read.

Smith is taking the auditor's job, a position that pays $108,000 annually, a step further. He is initiating audits

## AT A GLANCE

The purpose of the Speak Out for Good Government program is to establish a neutral, fair and confidential process for employee and citizen complaints.

The program is a recourse when normal channels aren't working. The auditor will investigate reports of wrongdoing, dereliction of duty and improper behavior by the city or its employees.

Issues appropriate for the program are: criminal activities, negligence, unsafe conditions, harassment, abuse, discrimination, activities that put the city at risk.



**for good government**

The avenues for making a complaint are:

➤ Telephone: (510) 433-9983

➤ Private fax: (510) 763-4086

➤ E-mail: roland@dnai.com

➤ Letter: Roland E. Smith, City Auditor, Good Government Program, P.O. Box 29192, Oakland, CA (4604-9192)

➤ Visit the office in person.

without being asked, sparked by complaints from employees, residents and reports in the media. When he noticed recently that Assistant City Manager Dolores Blanchard was downplaying problems in Tribune articles about the new computer payroll system, he did a survey of his own. It contradicted Blanchard and other city officials.

His latest venture, announced Thursday, is a whistleblower program aimed to give employees and residents a confidential way to report wrongdoing and improper behavior.

The Speak Out for Good Government program is the product of the Banishing Bureaucracy Initiative launched by City Manager Robert Bobb two years ago. When Smith heard about the program and found out the city was thinking of hiring someone to carry it out, he volunteered.

Smith has taken pains to ensure

confidentiality. The fax machine receiving complaints sits right behind his desk. He has the only key to a Post Office box for mailed complaints. An off-site phone line has been installed and reply calls will be made on a non-City Hall telephone. E-mail can be sent directly to his private e-mail, roland@dnai.com.

"We're going to make it as tight and secure as it can be," Smith said.

Police Sgt. Jay Crawford, a member of the Banishing Bureaucracy committee on communications, said the whistleblower program is one of the most encouraging developments in city government in his two decades on the force.

"The only way we are going to get the public's trust is to admit when we make mistakes and own up to it," Crawford said.

Both Crawford and Smith said the intention is to make public the results of audits sparked by the whistleblower program. But even Smith said he wasn't going to guarantee that every time — in some instances, it could open up the city to civil suits, he said.

City Manager Bobb said Oakland's might be the only city whistleblower program of its kind.

"It's been a long time coming," Bobb said Thursday. "It's all part of ensuring our government is open."

Since he became city manager two years ago, Bobb said, he has heard of a wide range of abuses — employees doing Amway sales or other such businesses from City Hall — but he doesn't think they are rampant.

"I don't think there's widespread abuse going on," Bobb said. The next aim for the Banishing Bureaucracy committee will be a suggestion program, with rewards of up to $10,000 for employees who have ideas to save the city money, he said.

Smith said he doesn't think the whistleblower program will "open the floodgates" with complaints, but if it does, he will ask the City Council to increase his budget.

CITY OF OAKLAND



1  F R A N K  H.  O G A W A  P L A Z A  •  O A K L A N D ,  C A L I F O R N I A  9 4 6 1 2

Office of the City Auditor
Roland E. Smith
City Auditor

(510) 238-3378
FAX: (510) 238-7640
TDD: (510) 839-6451

Antonio Williams, J05660
High Desert Prison
Facility C-6-207
P. O. Box 3030
Susanville, CA 96127

Re: A. Williams April 24, 2000.

Dear Mr. Williams:

This office is in receipt of your April14, 2000 letter to our Good Government Program.  My staff has reviewed your request and they are presently attempting to determine if our program has jurisdiction with the kinds of legal issues your raised in your letter.

Your letter mentions the fact that you are currently represented by an "Appellant Attorney". Would you provide this office with the name and address of counsel?  This information would greatly facilitate our efforts in assisting you should we decide to take your case.

Thank you for your interest in our Good Government Program.

Sincerely,

ROLAND E. SMITH
City Auditor

CITY OF OAKLAND    

1 FRANK H. OGAWA PLAZA • OAKLAND, CALIFORNIA 946

Office of the City Auditor
Roland E. Smith
City Auditor

(510) 238-
FAX: (510) 238-
TDD: (510) 839-

Antonio Williams, J05660
High Desert Prison
Facility C-6-207
P. O. Box 3030
Susanville, CA 96127

Re: A. Williams April 24, 2000.

Dear Mr. Williams:

I regret to inform you that the Good Government Program, a Oakland City program, has no jurisdiction and therefore any standing in either the Alameda County Superior Courts or the California District Courts of Appeal.

After conferring with Appellant Counsel, Jim Johnson and City Auditor, Roland Smith, the decision has been made to return your legal papers to you at this time.

This office has photocopied selected documents from your file and will retain them in your Good Government File should we decide to review your complaint at a letter date.

Thank you for your interest in our program and we wish you well in your pending litigation.

Sincerely,

Jin Mc Feely,
Investigator

cc: R. Smith