E.
CALIFORNIA CODE OF JUDICIAL ETHICS

expert on legal issues is to invite the expert to file an amicus curiae brief.

A judge must not independently investigate facts in a case and must consider only the evidence presented, unless otherwise authorized by law.* For example, a judge is statutorily authorized to investigate and consult witnesses informally in small claims cases.

(8) A judge shall dispose of all judicial matters fairly, promptly, and efficiently.

ADVISORY COMMITTEE COMMENTARY:

The obligation of a judge to dispose of matters promptly and efficiently must not take precedence over the judge's obligation to dispose of the matters fairly and with patience. A judge should monitor and supervise cases so as to reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs. A judge should encourage and seek to facilitate settlement, but parties should not feel coerced into surrendering the right to have their controversy resolved by the courts.

Prompt disposition of the court's business requires a judge to devote adequate time to judicial duties, to be punctual in attending court and expeditious in determining matters under submission, and to require* that court officials, litigants, and their lawyers cooperate with the judge to that end.

(9) A judge shall not make any public comment about a pending or impending proceeding in any court, and shall not make any nonpublic comment that might substantially interfere with a fair trial or hearing. The judge shall require* similar abstention on the part of court personnel* subject to the judge's direction and control. This Canon does not prohibit judges from making statements in the course of their official duties or from explaining for public information the procedures of the court, and does not apply to proceedings in which the judge is a litigant in a personal capacity. Other than cases in which the judge has personally participated, this Canon does not prohibit judges from discussing in legal education programs and materials, cases and issues pending in appellate courts. This education exemption does not apply to cases over which the judge has presided or to comments or discussions that might interfere with a fair hearing of the case.

ADVISORY COMMITTEE COMMENTARY:

The requirement that judges abstain from public comment regarding a pending or impending proceeding continues during any appellate process and until final disposition. This Canon does not prohibit a judge from commenting on proceedings in which the judge is a litigant in a personal capacity, but in cases such as a writ of mandamus where the judge is a litigant in an official capacity, the judge must not comment publicly.

(10) A judge shall not commend or criticize jurors for their verdict other than in a court order or opinion in a proceeding, but may express appreciation to jurors for their service to the judicial system and the community.

ADVISORY COMMITTEE COMMENTARY:

Commending or criticizing jurors for their verdict may imply a judicial expectation in future cases and may impair a juror's ability to be fair and impartial in a subsequent case.

(11) A judge shall not disclose or use, for any purpose unrelated to judicial duties, nonpublic information* acquired in a judicial capacity.

ADVISORY COMMITTEE COMMENTARY:

This Canon makes it clear that judges cannot make use of information from affidavits, jury results, or court rulings, before they become public information, in order to gain a personal advantage.

C. Administrative Responsibilities

(1) A judge shall diligently discharge the judge's administrative responsibilities without bias or prejudice and maintain professional competence in judicial administration, and shall cooperate with other judges and court officials in the administration of court business.

(2) A judge shall require* staff and court personnel* under the judge's direction and control to observe appropriate standards of conduct and to refrain from manifesting bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation, or socioeconomic status in the performance of their official duties.

(3) A judge with supervisory authority for the judicial performance of other judges shall take reasonable measures to ensure the prompt disposition of matters before them and the proper performance of their other judicial responsibilities.

(4) A judge shall not make unnecessary court appointments. A judge shall exercise the power of appointment impartially and on the basis of merit. A judge shall avoid nepotism and favoritism. A judge shall not approve compensation of appointees above the reasonable value of services rendered.

(5) A judge shall perform administrative duties without bias or prejudice. A judge shall not, in the

*Terms with an asterisk (*) are defined in the Terminology section.

E.
CALIFORNIA CODE OF JUDICIAL ETHICS

performance of administrative duties, engage in speech, gestures, or other conduct that would reasonably be perceived as (1) bias or prejudice, including but not limited to bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation, or socioeconomic status, or (2) sexual harassment.

*ADVISORY COMMITTEE COMMENTARY:*
*Appointees of a judge include assigned counsel, officials such as referees, commissioners, special masters, receivers, and guardians, and personnel such as clerks, secretaries, court reporters, court interpreters, and bailiffs. Consent by the parties to an appointment or an award of compensation does not relieve the judge of the obligation prescribed by Canon 3C(4).*

D. Disciplinary Responsibilities

(1) Whenever a judge has reliable information that another judge has violated any provision of the Code of Judicial Ethics, the judge shall take or initiate appropriate corrective action, which may include reporting the violation to the appropriate authority.*

(2) Whenever a judge has personal knowledge that a lawyer has violated any provision of the Rules of Professional Conduct, the judge shall take appropriate corrective action.

*ADVISORY COMMITTEE COMMENTARY:*
*Appropriate corrective action could include direct communication with the judge or lawyer who has committed the violation, other direct action if available, or a report of the violation to the presiding judge, appropriate authority,* or other agency or body. Judges should note that in addition to the action required by Canon 3D(2), California law imposes additional reporting requirements regarding lawyers.*

(3) A judge who is charged by prosecutorial complaint, information, or indictment or convicted of a crime in the United States, other than one that would be considered a misdemeanor not involving moral turpitude or an infraction under California law, but including all misdemeanors involving violence (including assaults), the use or possession of controlled substances, the misuse of prescriptions, or the personal use or furnishing of alcohol, shall promptly and in writing report that fact to the Commission on Judicial Performance.

E. Disqualification

(1) A judge shall disqualify himself or herself in any proceeding in which disqualification is required by law.*

(2) In all trial court proceedings, a judge shall disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification, even if the judge believes there is no actual basis for disqualification.

(3) An appellate justice shall disqualify himself or herself in any proceeding if for any reason:

(i) the justice believes his or her recusal would further the interest of justice; or

(ii) the justice substantially doubts his or her capacity to be impartial; or

(iii) the circumstances are such that a reasonable person aware of the facts would doubt the justice's ability to be impartial. Disqualification is required in the following instances:

(a) The appellate justice has appeared or otherwise served as a lawyer in the pending matter, or has appeared or served as a lawyer in any other matter involving any of the same parties if that other matter related to the same contested issues of fact and law as the present matter.

(b) Within the last two years, (i) a party to the proceeding, or an officer, director or trustee thereof, either was a client of the justice when the justice was engaged in the private practice of law or was a client of a lawyer with whom the justice was associated in the private practice of law; or (ii) a lawyer in the proceeding was associated with the justice in the private practice of law.

(c) The appellate justice represented a public officer or entity and personally advised or in any way represented such officer or entity concerning the factual or legal issues in the present proceeding in which the public officer or entity now appears.

(d) The appellate justice, or his or her spouse, or a minor child residing in the household, has a financial interest or is a fiduciary who has a financial interest in the proceeding, or is a director, advisor, or other active participant in the affairs of a party. A financial interest is defined as ownership of more than a 1 percent legal or equitable interest in a party, or a legal or equitable interest in a party of a fair market value exceeding one thousand five hundred dollars. Ownership in a mutual or common investment fund that holds securities does not itself constitute a financial interest; holding office in an

---
*Terms with an asterisk (*) are defined in the Terminology section.

IN OAKLAND SUPERIOR COURT FOR COUNTY OF ALAMEDA

"Exh 5"

ANTONIO R. WILLIAMS
v
W.J. SULLIVAN

CASE NO: _____
MOTION REQUESTING
"TIMELY" ORDER TO BE ISSUED,
AN DIRECT D.A OFFICE
TO REPLY TO PETITION, ETC.

PETITIONER COME BEFORE COURT WITH SAID MOTION IN SUPPORT OF PETITION, MOTIONS AND STATES HE IS ILLEGALLY INCARCERATED BY A PRESENTATION OF A UNDOCUMENTED PHOTOGRAPHIC LINEUP DISPLAY TO WITNESSES BEFORE A PHYSICAL LINEUP HELD APR 8, 97, SAID EVIDENCE OF PHOTO DISPLAYS WAS WITHHELD CASE N CHIEF BY DISTRICT ATTY OFFICE WHO VIOLATED DISCOVERY OF AND INSTEAD PERJURED ITSELF AND USED 3 OAKLAND POLICE OFFICERS TO TESTIFY FALSELY IN TRIAL NO PHOTO LINEUP EXISTED OR WAS SHOWN TO WITNESSES CAUSING KNOWN PERJURED TESTIMONY KNOWN UNTIL SAID KNOWN NEW EVIDENCE OF UNDOCUMENTED PHOTOGRAPHIC LINEUP DISPLAYS ARE BOUGHT BY PETITION, EVIDENTIARY MOTION, INCLUDING ON RECORD SAID PERJURED TESTIMONY AND INTEREST OF JUSTICE A ORDER MUST BE ISSUED FOR CAUSE AND DIRECT D.A OFFICE TO RESPOND AS BEEN SERVED ALL DOCUMENTS, IN MATTER BEFORE THE COURT AS DATED, EVIDENCE BY SO EXONERATES PETITIONER, FROM CUSTODY.

RESPECTFULLY SUBMITTED

DATED: Feb 15 __

I DECLARE UNDER PENALTY OF PERJURY ALL I __

"Exh 6"

IN THE OAKLAND SUPERIOR COURT
FOR COUNTY OF ALAMEDA

ANTONIO R. WILLIAMS
V
W.J. SULLIVAN

CASE NO: _____
MOTION TO DISQUALIFY
AND OR Recuse:

Petitioner hereby come before the court with motion to disqualify and or recuse Superior Court Judge Larry Goodman from presiding in this matter by conflict of interest in that by that said Judge in Jan, Dec 97 case No. 130594 of Almeda Co. denied 2-pretrial motions to dismiss in which he was bias against petitioner. Petitioner states said info in which was denied in Jan, Dec 97 by Judge Goodman in part of claim info in which petitioner seek relief by Habeas Corpus, Further in support of conflict of interest in Nov, 04 petitioner sent a letter and a copy

of a citizen complaint against trial prosecutor Dep. D.A Daniel Burke to Superior Court Judge James Richman trial judge to recall conviction for prosecutorial misconduct instead of answering letter Judge Richman gave letter, complaint to Judge Goodman to respond, deny it as if a habeas corpus see Exh 2 Dec 8, 04 order and said info of petitioner by new evidence seek relief by this habeas corpus and a conflict of interest to preside, in further support of conflict of interest no pretrial, trial judge can preside as no an preside as appellate judge, etc to matters on appeal see § 60.03 disqualification for cause, the judge is unable to be impartial. 2. And appellate judge was the trial judge. Also see California Code of Judicial Ethics and foregoing reasons Judge Larry Goodman by conflict of interest, interest of justice disqualify and or recuse from presiding in these proceedings.

Respectfully submitted,

Dated: Feb 15, 06

I declare under penalty of perjury all true

Ortonio ___

"Exh 7"

INFOPAC PAGE: 39
RUNDATE DECEMBER 10, 1997
COURT DATE - DECEMBER 12, 1997   FRIDAY 10:05 AM

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF ALAMEDA
CRIMINAL CALENDAR
COUNTY OF ALAMEDA

HON. LARRY J. GOODMAN, JUDGE
FIL R. CRUZ/PDE-JUDGE, DEP CLERK
LINDA THISSELL, REPORTER

PEOPLE OF THE STATE OF CALIFORNIA VS.

000065
130594

| # | CASE | NAME | CHARGES | PROCEEDINGS |
|---|------|------|---------|-------------|
| 1 | AYU245 / 7172680 | PHU CHI DUONG — DEFT PRESENT; PD Michael McCormick APPEARING FOR THE DEFT | A211 1ST APC; 459 1ST A PC | MOTION-SET ASIDE INFORMATION (FR 12-05) CONTINUED TO: 1/16/98 PM; Court orders: MTN 995 DENIED |
| | 131009 | | KENNY FUNG, CANTONESE INTER present | HTR ARG + SUBM. |
| 2 | DMY508 / 7169214 | WILLIAM DUBOIS — DEFT PRESENT; Paul Wilkerson APPEARING FOR THE DEFT | 871.5 PC | MOTION 871.5 (FR 11-21) pg 20,000 CONTINUED TO: 12/19 10AMD 07 DJ |
| | 130735 | DDA J. Rhee | | |
| 3 | ALQ822 / 7144079 | ANTONIO WILLIAMS — DEFT PRESENT; PD Michael McCormick APPEARING FOR THE DEFT 3X (FR 10-10) | 211 2ND PC; 6 9 PRS | MOTION-SET ASIDE INFORMATION — * here * CONTINUED TO: * 170.6 challenge; Judge Goodman r/d by Deft 995 Motion Arg + Subd ant Court orders: 995 MTN DENIED |
| | 130594 | | | |
| | (TW) | | | CONTINUED TO: 1/20/98 9AM 07 MTN T... |

JOB 53352370
REPORT S2-14-SUP
PAGE 1
DEPT 07

"Exh 8"

130594

000053

| INFOPAC PAGE: 37 | | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF ALAMEDA | COUNTY OF ALAMEDA | JOB 53352370 | REPORT 52-14-SUP | PAGE 36 |
|---|---|---|---|---|---|---|
| RUNDATE JULY 18, 1997 | | | CRIMINAL CALENDAR | | | DEPT 07 |
| COURT DATE - JULY 22, 1997 | HON. LARRY J. GOODMAN *JUDGE<br>THL R. CRUZ/PHIL SEDANE *DEP CLERK  MarlA Brown *ASST PO<br>LINDA THISSELL *REPORTER  *DEP PO | | | | | PAGE 15 |

TUESDAY 10:00 AM

PEOPLE OF THE STATE OF CALIFORNIA VS.

PROCEEDINGS — CHARGES & DISPOSITIONS

| | | | | | |
|---|---|---|---|---|---|
| 129424 | KIM TOLEFREE | | | 261(A)(2) PC & 1 PRS | ITYPED |
| 6169036 | DEFT ___ PRESENT | DISP/SETTING CONF | | | CAL'D |
| (TW) | APPEARING FOR THE DEFT  PD Maxine Fasulis (pg. 7-7) | | | CONTINUED TO: 7/29 10 a.m. #7 | REG'D |
| 16 AIM085 | | | | 211 2ND PG & 9 PRS | |
| | | | | — *Here* — | ITYPED |
| 7144079 | ANTONIO WILLIAMS | DISP/SETTING CONF | | 7/81 2pm #7 MARNO | CAL'D |
| 130594 | DEFT ___ PRESENT | | | 8/26 9k #7 JT | REG'D |
| (NTW 09-09) | APPEARING FOR THE DEFT  PD Karen Mauer | 3X (p. 7-14) | | CONTINUED TO: MARNO | |
| 17 ALQ822 | | | | 261(A)(2) PC ; 137(A) PC | ITYPED |
| 128000 | ROBERT DANIEL WRIGHT | DISP/SETTING CONF | | | CAL'D |
| 6155086 | DEFT ___ PRESENT | | | CONTINUED TO: 8/20 10 a.m. #7 | REG'D |
| (TW) | APPEARING FOR THE DEFT | (FR 06-12) | | | |
| 18 AYB741 | LINDA RIBACK | | | 11378 WGT HS | ITYPED |
| H23672 | DOUGLAS RAY ZAKRZEWSKI | DISP/SETTING CONF | | | CAL'D |
| | DEFT ___ PRESENT | | | | REG'D |
| (TW) | APPEARING FOR THE DEFT  977 on file (FR 06-12) | | | | |
| 19 AYH369 | LINDA RIBACK | | | | ITYPED |
| 6188982 | APPEARING FOR THE DEFT | | | CONTINUED TO: 8/20 10 a.m. #7 | CAL'D |
| (TW) | | | | | REG'D |

"Exh 9"

130594

000054

```
INFDPAC  PAGE:  44                SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF ALAMEDA
RUNDATE  JULY 29, 1997                              COUNTY OF ALAMEDA        JOB 53352370       REPORT 52-14-SUP
COURT DATE - JULY 31, 1997                          CRIMINAL CALENDAR                           PAGE   43
                                                                                                DEPT   07
THURSDAY   2:00 PM      HON. LARRY J. GOODMAN    *JUDGE          N/A
                        FILE: CRUZ/PHIL SEOANE   *DEP CLERK
                        LINDA THISSELL           *ASST. PD
                        PEOPLE OF THE STATE      *REPORTER
                        OF CALIFORNIA VS.                                                       PAGE 21

                        PROCEEDINGS              CHARGES & DISPOSITIONS
```

| | | |
|---|---|---|
| ANTONIO WILLIAMS | MARSDEN MOTION | 211 2ND P & 9 PRS |
| 130594 DEFT ___ PRESENT | | MAGIO N/D — *Here* |
| 1714079 PD Karen Maner | | |
| ALQ822 APPEARING FOR THE DEFT | 3X (fr. 1-77) | 9/4 N/D JT of 8/26 |
| (NTW 09-09) | JT 08-26 #07 | 9/26 JT for #7 OFS |
| | | 9/26 10:05 #7 DFS |
| | CONTINUED TO: ___ .m. | 995 hrs |
| DEFT ___ PRESENT | | |
| APPEARING FOR THE DEFT | | |
| | CONTINUED TO: ___ .m. | |
| DEFT ___ PRESENT | | |
| APPEARING FOR THE DEFT | | |
| | CONTINUED TO: ___ .m. | |
| DEFT ___ PRESENT | | |
| APPEARING FOR THE DEFT | | |
| | CONTINUED TO: ___ .m. | |

TYPED / CAL'D / REG'D

*"EXH 10"*

130594
000055

```
INFOPAC PAGE:                                                                              JOB 53352370       REPORT S2-14-SUP
RUNDATE AUGUST 15, 1997   41                COUNTY OF ALAMEDA
COURT DATE - AUGUST 19, 1997           SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF ALAMEDA           PAGE    40
TUESDAY    2:00 PM                     CRIMINAL CALENDAR                                                      DEPT 07
                                                                                                              PAGE   22
            HON. LARRY J. GOODMAN           , JUDGE
                 FIL R. CRUZ/PHIL SEDONE    , DEP CLERK      , ASST PD
                 ARLENE HOWELL              , REPORTER       , DEP PD
            PEOPLE OF THE STATE
            OF CALIFORNIA VS.              PROCEEDINGS              CHARGES & DISPOSITIONS
```

| | | |
|---|---|---|
| 130594  DEFT ANTONIO WILLIAMS ___ PRESENT | PLACED CAL / MARSDEN MOTION | 211 2ND PC & 9 PRS   MARSDEN 4TH DENIED *HERE* |
| 7144079  PD KAREN HOWE | NL { VAC 9/4 10AM<br>    { VAC 9/26 10:05AM  3X | 9/4 — 2PM   #7  MARSDEN 4TH<br>10/10  10:05AM  #7<br>10/3  2PM 07   9AM<br>         1:30PM  |
| (TW) | DES 09-04#07/M995  09-26#07 (C) | |
| | CONTINUED TO: | CONTINUED TO: |
| DEFT ____ PRESENT | | |
| APPEARING FOR THE DEFT | | |
| | CONTINUED TO: | |
| DEFT ____ PRESENT | | |
| APPEARING FOR THE DEFT | | |
| | CONTINUED TO: | |
| DEFT ____ PRESENT | | |
| APPEARING FOR THE DEFT | | |
| | CONTINUED TO: | |

130594

000058

"Exh 11"

```
INFOPAC PAGE:    32                                                                              REPORT 52-14-SUP
RUNDATE SEPTEMBER 2, 1997           SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF ALAMEDA
COURT DATE - SEPTEMBER 4, 1997                      CRIMINAL CALENDAR                             PAGE     31
THURSDAY   2:00 PM                                  COUNTY OF ALAMEDA     JOB 53352370            DEPT     07
                                                                                                  PAGE     20
                    HON.  LARRY J. GOODMAN                *JUDGE  Eileen McAndrew
                          FIL R. CRUZ/PHIL SEOANE         *DEP DA
                          LINDA THISSELL                  *DEP CLERK
                                                          *ASST PD
                          PEOPLE OF THE STATE             *DEP PO
                          OF CALIFORNIA VS.               *REPORTER

                          PROCEEDINGS                     CHARGES & DISPOSITIONS
```

1. 97452       RAMON ZARAGOZA LOPEZ       PETITION WRIT-HABEAS CORPUS       11352 HS & 11352 HS
   ASK525      DEFT ___ PRESENT           PLACED CAL                        Pet for writ of error coram Nobi's is
                                                                            compl. amended to allege violation of
                         Mario Clarkson-SA                                   Sect 32PC. Alleg △ - PG to viol of 32 PC
                                                                            remains, others alleg viol of HS 11362
                                                                            also GPA. Petition for relief under 1008.4PC
                                                                            -- See M/O for details
                                                         CONTINUED TO: ___

2. 9129876     FRANK SPROULS              CERT OMC                          11352 HS
   I20041      APPEARING FOR THE DEFT     (Jr. D & 7S)                      Bail Htn/ Wd by Csl
                         N/R

3. 0267888     RONALD PATERSON            CERT OMC
   IASN952     DEFT ___ PRESENT           (Jr. D & 7S)
                         Jay Gohel
                         Randy Pollock

4. 7144079     ANTONIO WILLIAMS           MARSDEN MOTION                    211 2ND PC & 9 PRS
   ALQ822      DEFT ___ PRESENT                                             CONTINUED TO: 10/2/97  114 AM 07  Snap
               PD Kelcie Moree
               APPEARING FOR THE DEFT                                       -- Here --
               (TW)  3x (Jy. 7-31)                                          Brought to D.4 for Marsden Htn

    130594                              MSUP510-03M07/M795 10-10M07         VAC 10/3/97 - 1388/PC HTN - Htn 10/10/97 -99/
                                        (C)                                 HTN

               DEFT ___ PRESENT                                             CONTINUED TO:

               APPEARING FOR THE DEFT
```
```
ITYPED
CAL'D
REG'D
```

"Exh 12"

## MEMORANDUM

December 2, 1997

TO: Greg Syren

FROM: Mike McCormick  *Mike*

SUBJECT: **PC 995 Motion for Antonio Williams**

OSC NO: 130594

Here is your copy of the PC 995 motion I filed on behalf of Antonio Williams.

To prepare the motion, I obtained sealed transcripts of the hearings on the *Marsden* motions which client made on June 16 and June 25, 1997. In my opinion, neither transcript showed any arguable ineffective assistance of counsel, and each showed a full and fair hearing on the motion. So I do not see any conflict, and in the PC 995 motion I did not make any arguments of error based on those hearings.

I don't think Judge Goodman will go for either of the arguments which I did make in the motion, but I'll let you know what happens.

①

"*Exh 13*"

# JAMES F. JOHNSON
Attorney at Law
2269 Chestnut Street, # 384
San Francisco, CA 94123
Tel: (415) 455-8251

LEGAL MAIL

January 11, 2000

Mr. Antonio Williams
J-05660
PO BOX: 3030
Susanville, CA 96127

> In re: People v. Williams;
> 1 Crim. No. A087060;
> Alameda County # 130594

Dear Mr. Williams:

    Please find enclosed a copy of a time extension request I am filing in your appeal.

    I am in receipt of your letter of December 16, 1999. In reading this letter, as well as recalling your past many, many, letters, I think we differ over the proposition that you appear to believe that the trial was conducted in such a way that the errors are so obvious that reversal of your conviction is simply a matter of filing the kind of brief you want filed. You appear to have had the same belief at trial, and acted on that belief by representing yourself. But electing to represent your self resulted in your conviction. I disagree with your assessment of the case, and your understanding of what issues will work as viable arguments in your appeal. Moreover, your decision to represent yourself at trial quite probably resulted in issues being lost as opposed to being preserved for appeal.

    Once I complete the opening brief in your case I will write you a letter that attempts to address as many of your claims as possible, and review my past letters which addressed some of your claims.

Sincerely,

*[signature]*

JAMES F. JOHNSON



"Exhibit 14"

1149 SOUTH HILL STREET, LOS ANGELES, CALIFORNIA 90015-2299

(213) 765-1000 FAX: (213) 765-1168
TDD #: (213) 765-1566

March 5, 2000

Antonio Williams - J-05660
Facility C-C8-129
P.O. Box 3030
Susanville, Ca. 96127

RE: INQUIRY NUMBER: 00-0132
    RESPONDENT: James F. Johnson, Esq.

Dear Mr. Williams:

We have received your complaint alleging that attorney Johnson failed to properly represent you in a criminal matter. What you are alleging may be the grounds for a criminal appeal or a civil claim for damages but the State Bar cannot advise you as to these possible remedies. You will need to seek the advice of a private attorney/or current counsel that is currently representing you to bring your relevant concerns to the Court.

The State Bar's function is to investigate complaints about attorney misconduct to determine if steps should be taken to suspend or take away the attorney's license to practice. The mere fact that you were convicted is not sufficient evidence that this attorney committed acts warranting discipline.

Our decision to close your complaint is not a determination that your attorney properly represented you, it is only a determination that there is insufficient evidence that your attorney wilfully violated the applicable disciplinary rules. In the event that you obtain a favorable ruling in your case from an appeals court or a civil judgment against the attorney, please provide that information along with any relevant court papers and we will re-evaluate your complaint at that time.

OFFICE OF THE CHIEF TRIAL COUNSEL/INTAKE

X02

THE STATE BAR
OF CALIFORNIA

"Exhibit 15"

OFFICE OF THE CHIEF TRIAL COUNSEL
INTAKE

1149 SOUTH HILL STREET, LOS ANGELES, CALIFORNIA 90015-2299

(213) 765-1000 FAX: (213) 765-1168
TDD #: (213) 765-1566

August 15, 2000

Antonio Williams J05660
Facility C-C8-129
P O Box 3030
Susanville, CA 96127

**Inquiry No.:** 00-00132
**Respondent :** James F. Johnson

Dear Mr. Williams:

We have received your letter of April 11, 2000 in which you requested that we reconsider our determination to close your complaint against the above-named attorney. Unfortunately, we have been experiencing delays in the processing of this and similar requests.

This is to advise you that due to our limited resources and the backlog of cases awaiting review, we will not be able to review your request for reconsideration for approximately ninety (90) days from today's date. We will advise you in writing of our decision after a review of your file is completed.

In the meantime, you may wish to consult an attorney regarding any available civil remedies or other options which may be available to you. You may contact your local or county bar association to assist you in obtaining a referral to an attorney.

We appreciate your patience and regret that at this time we are not able to review requests for reconsideration more quickly.

OFFICE OF THE CHIEF TRIAL COUNSEL/INTAKE

Y50

"*Exh 76*"

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

**FILED**
Court of Appeal First App Dist
NOV 10 1999
RON D. BARROW, CLERK
By _____

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent<br>v.<br>ANTONIO WILLIAMS,<br>    Defendant and Appellant. | A087060<br><br>(Alameda County<br>Super. Ct. No. C130594) |

**BY THE COURT:**

Appellants' motion to vacate the appointment of James Johnson as counsel of record is denied.

Dated: NOV 10 1999          KLINE, P.J.          P.J.

JAMES F. JOHNSON
State Bar No: 55772
Attorney at Law
2269 Chestnut Street, # 384
San Francisco, CA 94123
Tel: (415) 455-8251

Attorney for Appellant
Antonio Williams

"Exhibit"
17
This is also Evidence of Misconduct not using fact trial Judge didn't use my Junon Instruction, After Applying For Extension to do so.

# COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT, DIVISION TWO

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | 1 CRIM. NO. A087060 |
| Plaintiff and Respondent, | |
| v. | |
| ANTONIO WILLIAMS, | Alameda County No. 130594 |
| Defendant and Appellant. | |

### MOTION AND DECLARATION OF GOOD CAUSE FOR EXTENSION OF TIME TO FILE OPENING BRIEF - CRIMINAL

I, JAMES F. JOHNSON, declare:

I am the attorney appointed to represent appellant, Antonio Williams, in the above-entitled appeal.

1. An extension of time of FOURTEEN (14) days is required within which to file appellant's opening brief to and including May 24, 2000.

2. Present due date: May 10, 2000.

3. Number of Previous Extensions: 2

- 1 -

4. Notice under rule 37(a) has been issued.

5. Date I was appointed: June 22, 1999.

6. My client is in custody. State Prison.

7. Defendant was convicted of: felony.

8. Length of record: RT 1989 pages; CT 1993 pages.

9. Time Extension Required For The Following Reason(s):

Declarant has completed the opening brief, with two issues fully briefed. Appellant has suggested a large number of issues which have been fully reviewed. However, declarant believes that a reconsideration of these issues is warranted, as well as a re-review of potential jury instruction issues, in that the sentence imposed of thirty-five years to life indicates that a short delay in filing the opening brief is in appellant's interest.

I declare under penalty of perjury that the foregoing is true and correct, and that the within declaration was executed on May 15, 2000, at San Francisco, California.

<div style="text-align:center">JAMES F. JOHNSON</div>

4. Notice under rule 37(a) has been issued.

5. Date I was appointed: June 22, 1999.

6. My client is in custody. State Prison.

7. Defendant was convicted of: felony.

8. Length of record: RT 1989 pages; CT 1993 pages.

9. Time Extension Required For The Following Reason(s):

Declarant has completed the opening brief, with two issues fully briefed. Appellant has suggested a large number of issues which have been fully reviewed. However, declarant believes that a reconsideration of these issues is warranted, as well as a re-review of potential jury instruction issues, in that the sentence imposed of thirty-five years to life indicates that a short delay in filing the opening brief is in appellant's interest.

I declare under penalty of perjury that the foregoing is true and correct, and that the within declaration was executed on May 15, 2000, at San Francisco, California.

                                                                                  JAMES F. JOHNSON