IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LUIS WILLIAMS, | No. C 07-03376 CW (PR) |
|     Petitioner, | ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY; GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS ON APPEAL; AND DENYING PENDING MOTIONS |
|   v. | |
| W.J. SULLIVAN, | |
|     Respondent. | (Docket nos. 18, 21, 22, 23) |

    Petitioner Antonio Luis Williams filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 21, 2008, the Court dismissed the petition because it was a second petition, successive to his previous case, Case No. C 02-2310 CW (PR), and he had not obtained from the Ninth Circuit Court of Appeals an order authorizing the district court to consider the petition.

    On April 25, 2008, Petitioner filed a notice of appeal.  The Court construes Petitioner's notice of appeal as an application for a certificate of appealability (COA).  See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997); 28 U.S.C. § 2253(c)(3). Petitioner also moves for leave to proceed in forma pauperis on appeal.

    In an Order dated June 10, 2008, the Ninth Circuit noted that Petitioner's notice of appeal was "not processed properly" because Case No. 08-16355 was opened as an appeal from the district court's

dismissal prior to a COA being considered. (Ninth Circuit June 10, 2008 Order at 2.) Therefore, the Ninth Circuit remanded the case to the district court "for the limited purpose of granting or denying a [COA] at the court's earliest convenience." (Id.)

## DISCUSSION

An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding unless the petitioner first obtains a COA. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, as here. See Slack v. McDaniel, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. See id.

2

1   The petition was dismissed because 28 U.S.C. § 2244(b)(3)(A)
2 requires that petitioners must obtain permission from the United
3 States Court of Appeals before filing a second or successive
4 petition.  Petitioner did not obtain such permission, and he does
5 not claim that he did not have a prior habeas case.  Because
6 jurists of reason would not find the Court's conclusion debatable
7 or wrong, the motion for a COA is DENIED.

8   Also before the Court are Petitioner's motions to "rescind"
9 and "strike" the Court's March 21, 2008 Order dismissing his
10 petition (docket nos. 18, 21, 22).  Petitioner claims that the
11 order should be "rescinded" because he has a pending petition to
12 obtain from the Ninth Circuit an order authorizing the district
13 court to consider the petition.[1]  Because Petitioner has not yet
14 obtained permission from the Ninth Circuit to file a second or
15 successive petition, the dismissal is appropriate and his motions
16 are DENIED.

17   Petitioner's request for leave to proceed <u>in forma pauperis</u> on
18 appeal (docket no. 23) is GRANTED.  The Clerk of the Court shall
19 process the notice of appeal.

20   This Order terminates Docket nos. 18, 21, 22 and 23.

21   IT IS SO ORDERED.

22 DATED: 6/26/08

   *Claudia Wilken*
   CLAUDIA WILKEN
23 United States District Judge

---

27 [1] The record shows that the Ninth Circuit has opened Case No.
28 08-72159 as Petitioner's application to file a second or successive habeas petition.  (Ninth Circuit June 10, 2008 Order at 2.)

P:\PRO-SE\CW\HC.07\Williams3376.COA.wpd     3

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ANTONIO LUIS WILLIAMS et al,

        Plaintiff,

  v.

W.J. SULLIVAN et al,

        Defendant.

Case Number: CV07-03376 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 26, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Antonio Luis Williams J05660
D7-C-126
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127

Clerk
9th Circuit Court of Appeals
95 Seventh Street
P.O. Box 193939
San Francisco, CA 94119

Dated: June 26, 2008

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\HC.07\Williams3376.COA.wpd    4